## BRIFFITT vs. THE STATE.

*April 14 — May 31, 1883.*

LICENSE LAWS. *(1) Beer is intoxicating. (3) Form of sentence.*
INSTRUCTIONS TO JURY. *(2) Manner or emphasis not assignable as error.*

1. Courts will take judicial notice that " beer " is a malt and an intoxicating liquor.
2. The manner or emphasis or form of expression of a judge which cannot reasonably be interpreted to express a wrong opinion as to the law or facts, or to express an opinion of a fact which should be left wholly to the jury, cannot be assigned as error.
3. A sentence for selling liquor without a license providing that in default of payment of the fine and costs the defendant stand committed not to exceed sixty days, is valid. Sec. 4633, R. S.

ERROR to the Circuit Court for *Columbia* County.

*J. H. Rogers*, for the plaintiff in error:

1. Whether lager beer or beer is intoxicating or not is a question for the jury. *Rau v. People*, 63 N. Y., 277; *People v. Zeiger*, 6 Parker's Crim. R., 355; *Klare v. State*, 43 Ind., 483; *Lathrope v. State*, 50 id., 555; *Plunkett v. State*, 69 id., 68; *State v. Starr*, 67 Me., 242; *Comm. v. Blos*, 116 Mass., 56; *State v. Wall*, 34 Me., 165. There is no presumption that it is intoxicating without proof that it is strong beer. *Comm. v. Hardiman*, 9 Gray, 136. Any liquor which is not declared by law to be intoxicating must be proved to be so. *Feldman v. City of Morrison*, 1 Brad. (Ill.), 460. 2. It is error for the judge to express an opinion upon the facts by playful or careless remarks, or to bias the jury by expressing an opinion based upon his own knowledge. *Hair v. Little*, 28 Ala., 236; *Andreas v. Ketcham*, 77 Ill., 377. The judge may bias the jury by his manner, tone of voice, or emphasis, and if he does it is error. *Reiger v. Davis*, 67 N. C., 185; *State v. Simmons*, 6 Jones L. (N. C.), 21. In criminal cases the judge should not express any opinion as to the weight or sufficiency of the testimony upon any fairly controverted question. *Ketchum v. Ebert*, 33 Wis., 614. A judge may entirely mislead a jury by directing their attention to prominent features of the testimony on one side only, thus impressing on the jury his own bias or views while not seeming to do so. *Sawyer v. H. & St. J. R. R. Co.*, 37 Mo., 240; *Clark v. Hammerle*, 27 id., 55; *Anderson v. Kincheloe*, 30 id., 520; *Rose v. Spies*, 44 id., 20.

For the defendant in error there was a brief by *H. H. Curtis*, District Attorney of Columbia county, and oral argument by the *Attorney General*.

ORTON, J. The complaint before the justice was that the defendant had sold " intoxicating liquors " without first having obtained a license therefor. The case was appealed to,

and finally tried in, the circuit court. The only question really presented by the exceptions, either to the evidence or to the charge of the court to the jury, is whether proof that the defendant had sold *beer* was sufficient proof that he had sold malt or *intoxicating* liquor. In ruling upon a question of evidence the court said, " I suppose everybody knows, what is meant by beer." When the question was asked whether malt is used in ordinary beer, the court said: " I do not think it is necessary. I think a man must be almost a, driveling idiot who does not know what beer is. I do not think it necessary to prove what it is." The charge of the court, on the same subject was substantially of the same import. It was proved that the defendant had sold " beer." There was some proof tending to show that the beer sold had an exhilarating effect, and that it was such beer as was brewed in the large breweries of the state. But such evidence scarcely rendered the above ruling immaterial, if it was necessary to prove that the beer sold was either *malt* or intoxicating liquor, because it was clearly insufficient for that, purpose. The statute (sec. 9, ch. 322, Laws of 1882) makes the proof of the sale of any *malt* liquor, proof of the sale of intoxicating liquor. The case, so far as the evidence is concerned, is outside of this statute; for it was neither charged nor proved that malt liquor was sold by name, and it may as well be assumed, and could have been as easily proved, that it was intoxicating liquor, as malt liquor. The question, therefore, remains, without the aid of the statute, whether it is implied in the word " beer " that it was either malt or intoxicating.

The statute of New York was the selling without license of any " strong or spirituous liquors," or any wines, etc. In *Nevin v. Ladue*, 3 Denio, 437, the question was whether ale, porter, and strong beer were included in the term " strong liquors," and it was held, without proof, that they were so included. The learned chancellor wrote an opinion giving

one of the most learned essays upon the composition and use of malt liquors ever written. The subject is treated scientifically, philosophically, historically, and geographically, and the opinion is well worthy of reference and reading; but it is not necessary to reproduce it here further than to say that it is shown that malt liquor, as ale or beer, was made and used as a beverage before the time of Herodotus, and has continued to be made and used all along down the ages, and in various countries, until the present time. At the present time we all know that this malt liquor, under the generic name of "beer," is made and used in most of European countries, and in our own, and is a common beverage. As long as laws for licensing the sale of intoxicating liquors have existed, brandy, whisky, gin, rum, and other alcoholic liquids have been held to be intoxicating liquors *per se;* and why? Simply because it is within the common knowledge and ordinary understanding that they are intoxicating liquors. By this rule of common knowledge courts take judicial notice that certain things are *verities*, without proof; as, in *Chambers v. George*, 5 Litt., 335, the circulating medium in popular acceptation was held to mean "currency of the state," and in *Lampton v. Haggard*, 3 Mon., 149, the circulating medium was held to mean "Kentucky currency;" and in *Jones v. Overstreet*, 4 Mon., 547, the word "money" was held to mean paper currency. If a witness on the stand were asked whether whisky is intoxicating, he would be apt to smile as at a joke, and an intelligent witness, when asked the same question in relation to beer, might smile with equal reason.

Words in contracts and laws are to be understood in their plain, ordinary, and popular sense, unless they are technical, local, or provincial, or their meaning is modified by the usage of trade. 1 Greenl. on Ev., § 278. When the general or primary meaning of a word is once established by such common usage and general acceptation, we do not require

evidence of its meaning by the testimony of witnesses, but look for its definition in the dictionary. Whisky, according to Webster, is "a spirit distilled from grain;" and beer, according to the same authority, is "a fermented liquor made from any malted grain, with hops and other bitter flavoring matter." It is true that, to a limited extent, there are other kinds of beer, or of liquor called beer, such as small beer, spruce beer, ginger beer, etc.; but such definitions are placed as remote and special, and not primary or general. So it may be said of other substances having a common name and meaning, such as milk or tea. Milk, according to Webster, is "a white fluid secreted by female mammals for the nourishment of their young." There are other kinds of milk, however, such as "the white juice of plants," which is the remote definition; or milk in the cocoanut, or that in the milky-way. Tea is defined to be "leaves of a shrub or small tree of the genus *Thea* or *Camellia*. The shrub is a native of China and Japan." There are other kinds of tea, such as sage tea and camomile tea, etc. The latter are the restricted uses of the word. When asked to take a drink of milk or a cup of tea, it would not be necessary to prove what is meant. Why is it more necessary to prove what is meant by a glass or drink of beer? When beer is called for at the bar, in a saloon or hotel, the bar-tender would know at once, from the common use of the word, that strong beer — a spirituous or intoxicating beer — was wanted; and if any other kind was wanted, the word would be qualified, and the particular kind would be named, as root beer or small beer, etc. When, therefore, the word "beer" is used in court by a witness, the court will take judicial notice that it means a malt and an intoxicating liquor, or such meaning will be a presumption of fact, and in the meaning of the word itself there will be *prima facie* proof that it is malt or intoxicating liquor that is meant.

When the witnesses in this case testified that the defend-

ant sold to them beer, the prosecution had sufficiently proved that he had sold to them a malt and intoxicating liquor, for both qualities are implied in the word "beer." This, as a logical conclusion and principle of law, would seem to be well established by common reason, and we think it would be difficult to find a single good reason against it. As to decisions and authorities upon the question, it must be confessed it would seem that those which require proof that beer, or the liquor sold by that name, is intoxicating, have at least the weight of numbers. But there are many authorities, of the very highest judicial source, and based, as we think, on far the better reason, which hold the doctrine we have indicated. These we feel bound to follow.

In *Nevin v. Ladue*, 3 Denio, 437, the question was one of law whether "ale" was a "strong and spirituous liquor" within the statute, and it was held that it was, from its long use and well-known qualities, and from common knowledge, and its definition in Webster. In *People v. Wheelock*, 3 Parker's Crim. R., 9, it is said in the opinion: "The word 'beer,' in its ordinary sense, denotes a beverage which is intoxicating, and is within the fair meaning of the words 'strong or spirituous liquors,'" as used in the statutes, and it was held that it was incumbent upon the defendant to show that the word was used in a restricted or qualified sense, such as to denote *root* beer, *molasses* beer, etc., and this is unquestionably the correct rule in such cases. In *Board of Commissioners v. Taylor*, 21 N. Y., 173, it was held that "strong beer" was within the statute. In *Rau v. People*, 63 N. Y., 277, it is held that "lager beer" was within the statute. In *State v. Goyette*, 11 R. I., 592, it is held that the court should take judicial cognizance, and without evidence, that "lager beer" is a malt liquor, and it is said in the opinion by Chief Justice DURFEE: "Lager beer is, and has been for many years, a familiar beverage in this country. Its constituents are enumerated not only in books of science but in popular

encyclopædias. It is a malt liquor of the lighter sort, and differs from ordinary beers and ales, not so much in its ingredients, as in its processes of fermentation. The government might almost as well be required to prove that gin, or whisky, or brandy, is a strong liquor, as to prove that lager beer is a malt liquor." In Massachusetts, "strong beer and lager beer" are to be deemed to be intoxicating by statute, and that is conclusive. *Comm. v. Anthes*, 12 Gray, 29.

Many authorities to the same effect are referred to in the above cases, and many more might be cited. It is useless to cite or comment upon that large class of authorities which hold the other way, for we disapprove of them and follow these, founded as we think in the better reason. The court is indebted for the above citations to the able brief of the learned counsel of the state, and on the other hand the learned counsel of the defendant is entitled to great credit for the ability and industry shown in the brief of his side of the case.

The learned counsel of the defendant complains of the peculiar manner and language of the court in ruling upon this question, and cites authorities that even the improper manner of a judge, which influences or prejudices the minds of the jury, may be assigned for error. But those authorities are only to the effect that a manner or emphasis or form of expression which may be reasonably interpreted to express a wrong opinion as to the law or facts, or to express an opinion of a fact which should be left wholly to the jury, may be assigned as error, the same as words of the same effect. The rulings of the learned judge in this case as to this question were clearly correct, and if his peculiar manner gave them force by emphasis, that was not only proper but commendable. It is not a fault but a high merit in a judge to make his rulings clear and positive, so as not to be misunderstood, and the only question for this court is whether such rulings were correct as matter of law. His manners

we have nothing to do with. That is a matter entirely personal, except when expressing error. We think the rulings. of the circuit court on this question were clearly correct.

The learned counsel of the defendant claims that the judgment or sentence is void, because, in default of payment of the fine and costs, the defendant is to stand committed not to exceed sixty days, and cites ch. 322, Laws of 1882, which provides that, in lieu of a fine, the defendant may be punished by imprisonment not to exceed sixty days, nor less than twenty. The sentence is strictly according to sec. 4633, R. S.

*By the Court.*— The judgment of the circuit court is affirmed.