STATE OF MINNESOTA vs. HENRY DICK.

November 25, 1891.

**Motion to set aside Indictment, when to be made.**—A motion to set aside an indictment for defects in the organization of the grand jury must be made at the time of arraignment, unless the court for good cause allows it to be made subsequently.

**Intoxicating Liquor—Proof of Sale of "Beer."**—Witnesses testifying to the sale of "beer" at a drinking saloon where intoxicating liquors are sold, may be understood as meaning the fermented malt beer in common use as a beverage.

**Same—Effect of Proof of Drinking Beer.**—Proof of the drinking of such beer is made, by force of the statute, (Gen. St. 1878, c. 16, § 11,) *prima facie* proof that the same was intoxicating liquor.

Evidence held to justify the verdict.

Defendant was tried and convicted in the district court for Wright county, before *Pond*, J., on an indictment for selling "intoxicating liquor, to wit, beer," "on the 30th day of November, A. D. 1890, being the Sabbath day," and was sentenced to pay a fine of $75, and costs of prosecution, and to 30 days' imprisonment in the county jail, and to stand committed until payment of the fine and costs. He appeals from the judgment and from an order denying a new trial.

*A. Y. Eaton* and *W. H. Cutting*, for appellant.

*H. W. Childs*, for the State.

DICKINSON, J.    1. Upon the points that the grand-jury list had not been certified and signed by the chairman of the board of county commissioners, as required by law, and that the court erred in calling in two grand jurors by special *venire*, we hold, as we did in *State* v. *Schumm*, *supra*, p. 373, that the objection by motion to dismiss the indictment was not made in time. It was not made until after the defendant had pleaded to the indictment. While he was afterwards allowed to withdraw his plea of not guilty, it does not appear that this was allowed for the purpose of enabling him to make such a motion. His right to make the motion had expired, and it is not

shown that there was any cause made known for allowing it to be done out of time, or that the court exercised its discretion in his favor in this particular. The ruling of the court on the motion may have been based upon the very fact that it was made too late.

2. It is urged that 'the evidence was insufficient to show that the beer sold was intoxicating liquor, or that the defendant was responsible for the sale or disposition of it. As to the latter fact—the responsibility of the defendant—the evidence was sufficient to justify the conclusion that he was really carrying on, or at least was interested as a party in, the business of the saloon, and that he was present when the beer was furnished to McDougall.

The more serious question is whether the case showed that the beer was intoxicating liquor. No direct evidence was presented upon this point, and only this state of facts was shown: The transaction was in a drinking saloon, where a bar was kept, and beer and whiskey sold. A man was behind the bar, waiting on customers, supplying them with beer and whiskey. McDougall procured and drank both beer and whiskey,—"a glass of beer, a common beer glass." The defendant was operating a brewery, and manufactured the beer that was sold in this saloon. Now, what was the meaning and scope of the proof of the sale of "beer" under such circumstances? Did it establish *prima facie* the fact of the sale of intoxicating liquor? We think that it would be commonly understood that by the word "beer," as used by the witnesses to designate the liquor furnished and drunk under the circumstances stated, was meant the fermented malt liquor commonly sold at such places; and that, if it had been intended to refer to any other kind of beer, such as ginger beer, root beer, or the like, some qualifying word of description would have been used with the word "beer." *Briffitt* v. *State*, 58 Wis. 39, (16 N. W. Rep. 39;) *Myers* v. *State*, 93 Ind. 251. It is most reasonable to suppose that the meaning of the witnesses was such as is above indicated, and so, without doubt, the jury understood the testimony. Though it be possible that the witnesses meant something different from what, to the common understanding, their language would import, it would not follow that the evidence did not justify a conviction. The case may be proper for the determination of a jury, even though some doubt

or question can be suggested as to the sense in which witnesses may have used common words.

Assuming, then, that the evidence was sufficient to establish the fact that the liquor sold was the fermented malt liquor commonly known and designated by the name of "beer" simply, the statute (Gen. St. 1878, *c.* 16, § 11, as amended in 1877) raises the presumption of fact that it was intoxicating liquor. This statute contains the provisions, in substance, that it shall not be necessary to prove the name or kind of intoxicating liquor sold; that establishing the fact of one's having drunk what appeared to be *intoxicating liquor* shall be *prima facie* evidence that it was intoxicating; and that the term "intoxicating liquor," wherever it occurs in that chapter, shall be understood to mean spirituous, vinous, malt, and fermented liquor. Using these last words of the statute in place of the term "intoxicating liquor," which we have distinguished by italics, the effect of the statute is that proof of the drinking of what appeared to be spirituous, vinous, malt, or fermented liquor shall be *prima facie* evidence that it was intoxicating liquor. It is worthy of note in this case that the beer sold was manufactured by the defendant at his own brewery, and that while he testified as a witness in his own behalf, he did not touch upon the subject of the kind or qualities of such beer.

Order and judgment affirmed.