## STATE OF MINNESOTA *vs.* HARRY TISDALE.

Submitted on briefs June 12, 1893.  Affirmed June 30, 1893.

**Sale of Spirituous and Malt Liquors without License.**

Upon an indictment for the sale of intoxicating liquors without a license, the prosecution is not obliged to prove the quantity of liquor sold, precisely, as laid in the indictment.  Where an indictment charged the defendant with selling a specified quantity of brandy and beer, alleged to be intoxicating, an instruction to the jury that California brandy was presumptively spirituous and intoxicating liquor, and that the sale of an article purporting to be beer, at a place where intoxicating liquors were sold, will be presumed to be such beer as is usually kept for sale at such places, *held* not erroneous.  *State* v. *Dick,* 47 Minn. 377, followed.

Appeal by Harry Tisdale from an order of the District Court of Goodhue County, *W. C. Williston,* J., made March 8, 1893, denying his motion for a new trial.

Harry Tisdale was indicted for selling to Bernard Parsons on August 11, 1892, at Goodhue, in that county, intoxicating liquor, without license, in a less quantity than five gallons.  He was tried November 15, 1892, and found guilty.  He made a bill of exceptions, and it was settled, signed and filed, and on it he moved the court to set aside the verdict and grant a new trial.  Being denied, he appeals.

*J. C. McClure* and *F. M. Wilson,* for appellant.

The question whether or not California brandy is intoxicating or spirituous, it would seem to us, is purely a question of fact for the jury and not for the court to decide.  *United States* v. *Taylor,* 11 Fed. Rep. 470; *United States* v. *Battiste,* 2 Sumn. 243; *Commonwealth* v. *Porter,* 10 Met. (Mass.) 263; *Commonwealth* v. *Van Tuyl,* 1 Met. (Ky.) 1; *United States* v. *Stockwell,* 4 Cranch, C. C. 671; *Stettinus* v. *United States,* 5 Cranch, C. C. 573; *Montee* v. *Commonwealth,* 3 J. J. Marsh. 132; *Sims* v. *State,* 43 Ala. 33; *United States* v. *Hodges,* 2 Wheeler, Crim. Cas. 477; *United States* v. *Wilson,* Baldwin, 78; *United States* v. *Fenwick,* 5 Cranch, C. C. 562; *United States* v. *Greathouse,* 2 Abb. (U. S.) 364; *Tucker* v. *State,* 57 Ga. 503; *Huffman* v. *State,* 29 Ala. 40; *Perkins* v. *State,* 50 Ala. 154.

*H. W. Childs,* Attorney General, and *George B. Edgerton,* his assistant, for the State.

VANDERBURGH, J.　　Indictment for selling intoxicating liquors without a license.

1. It is well settled by the decisions of this court that the burden rests upon the defendant, in such cases, to prove that he has a license, and not upon the state to show that he has none.

2. The indictment charges the defendant with selling intoxicating liquors in a quantity less than five gallons, and specifies one-half pint of brandy and six pints of intoxicating malt liquor, commonly called "beer." If the evidence should show a sale of such liquors within the statutory limit, a verdict of guilty would be warranted, though the quantity sold should differ from that specified; that is to say, it would not be a fatal variance if the proof show that the sale in question was of a greater or less quantity than a half pint of brandy or six pints of beer.

3. It was not error for the court to instruct the jury that, if they found that the defendant sold to the complaining witness California brandy, that was a spirituous and intoxicating liquor. The court will take notice, from the commonly-accepted definition of the word "brandy," that it is spirituous and intoxicating liquor, whether it be French brandy, California brandy, or any other.

4. The court further charged the jury that if they found from the evidence that, at the place where this sale was made of the brandy, the witness called for beer, and an article purporting to be beer was furnished him, the law presumes that it was such beer as is usually kept for sale where spirituous and intoxicating liquors are sold. There was no conflict in the evidence touching the character of the place where the liquor was sold, or the nature of the liquors kept and sold there, and the evidence shows that the witness bought the liquor at the bar, behind which were bottles on the shelves, and the place was like any other saloon, and he was furnished brandy and beer there, and the beer tasted as other beer he had bought before. The instruction was correct, and it is supported by the case of *State* v. *Dick,* 47 Minn. 375, (50 N. W. Rep. 362.) There was evidence sufficient to justify the verdict, and the order denying a new trial must be affirmed.

(Opinion published 55 N. W. Rep. 903.)