STATE OF MISSOURI, Respondent, v. ALF. BESHEER, Appellant.

St. Louis Court of Appeals, February 2, 1897.

Criminal Law: MISDEMEANOR: INDICTMENT FOR SELLING INTOXICATING LIQUORS IN VIOLATION OF DRAMSHOP ACT: CONSTRUCTION OF STATUTES. *Held*, that the word "beer," as used in the indictment and instructions in this case, is a *fermented* and *intoxicating liquor* within the meaning of the dramshop act of 1891, as the term "intoxicating liquor," as used in that act, is construed by section 26, page 132, of the session acts of 1891, a literal copy of section 4595, Revised Statutes, 1889, so defining, in effect, that term. *State v. Heinze*, 45 Mo. App. 403.

*Appeal from the Shannon Circuit Court.*—HON. W. N. EVANS, Judge.

AFFIRMED.

*Orchard & Hines* for appellant.

The indictment charges defendant with selling intoxicating liquor, to wit, beer, but that does not say whether it was lager beer, or whether it is a fermented liquor. Nor does the proof show whether it was lager beer or a fermented drink, which must be done under the session acts, 1891, section 26, page 132.

No brief filed for respondent.

BLAND, P. J.—The appellant was indicted in the Howell circuit court of selling intoxicating liquors to one Charles Compton, in violation of the dramshop act of 1891. The venue was changed to Shannon county on the application of appellant, where at the September, 1895, term a trial was had, resulting in the conviction of appellant, who after an unsuccessful motion for new trial, brings the case here by appeal.

The charging clause of the indictment is substantially that Besheer on the twentieth day of April, 1895, in the county of Howell, sold intoxicating liquor, to wit, one pint of beer to Charles Compton, without having a dramshop keeper's license, or any authority so to do. The witness, Compton, testified that about the second day of April, 1895, he got a pint of beer from Besheer at Willow Springs, in Howell county, and he "guessed he paid him a nickel for it." The other witness testified that Besheer kept an open saloon in Willow Springs at that time. The appellant offered and read in evidence a dramshop keeper's license issued to himself, and one I. S. McDonald, by order of the county court of Howell county, to keep a dramshop at lot 23, block 6, in the city of Willow Springs, beginning on February 8, 1895, and ending August 8, 1895, which contained this clause in parenthesis, "not delivered until April 15, 1895, for the

reason that the money was not paid until then." This was all the evidence offered by appellant. Appellant in his motion for new trial states as one of the causes why it should be sustained, "that the court erred in overruling his motion to quash the indictment." We find no such motion in the transcript, nor any entry of its filing or disposition, hence the motion if ever filed, is not here to be passed upon. At the close of the evidence appellant asked the court to instruct the jury, "that upon all the evidence they should acquit," which was refused. This instruction we suppose, was asked upon the theory that the license covered the time of sale. It is true that the license was for six months, from February 8 to August 8, 1895, but it is also true that the license on its face recites the fact that it was not paid for or delivered, until April 15, 1895. The sale was April 2, 1895, prior to the delivery of the license. The license could not be operative as such until paid for and delivered. It was held by the clerk for nonpayment of the license tax. This he was required to do by section 11, dramshop law of 1891. Session Acts of 1891, page 130. The sale of beer to Compton was not under authority of this license, and the court ruled correctly in refusing defendant's instructions. The court gave the following instructions of its own motion:

"I. If you believe from the evidence, beyond a reasonable doubt, that the defendant, at any time between the eighth day of February and the fifteenth day of April, 1895, in Howell county, Missouri, did sell to Charles Compton any beer, in less quantity than three gallons, you should find him guilty and assess his fine at not less than $40 nor more than $200."

"II. Although you might believe defendant sold beer, if he did so at a time covered by a license had in his possession, he would not be guilty."

"III. Defendant is presumed to be innocent of the offense charged and such presumption attends him until he is proven guilty beyond a reasonable doubt."

Appellant objected to instruction number 1, and assigns the giving of this instruction as error, and contends that in the absence of proof or averment, the word "beer," without proof of the kind of beer it was, was insufficient to warrant the giving of instruction number 1, and cites us to session acts of 1891, section 26, page 132. This section, a literal copy of section 4595, Revised Statutes, 1889, construes ·the term intoxicating liquor, as used in the dramshop act, to mean fermented, vinous, and spirituous liquors, or any composition of which fermented, vinous or spirituous liquors is a part. Webster defines beer to be (1) "a fermented liquor, made from any malted grain," (2) "a fermented extract of the roots and other parts of various plants as spruce, ginger, sassafras, etc."

INDICTMENT for selling intoxicating liquors in violation of dramshop act: construction of statutes.

In *People v. Wheelock*, 3 Park, 9, the supreme court of New York held, that the word "beer" in its ordinary sense, denotes a beverage which is intoxicating.

The Kansas City court of appeals in the case of *State v. Heinze*, 45 Mo. App. 403, held that section 4395, Revised Statutes, 1889, in effect defines beer to be intoxicating liquor. To the same effect is *State v. Houts*, 36 Mo. App. 265.

In the light of these authorities and in obedience to the legislative will, as interpreted by the Kansas City court of appeals in *State v. Heinze, supra*, we construe the word "beer" as used in the indictment, and instructions given in this case, to mean a fermented and intoxicating liquor. It follows from what has been said, that no error was committed by the trial

court prejudicial to the appellant, wherefore the judgment is affirmed.

All the judges concur.