## WILLIAMS *v.* STATE.

Opinion delivered November 28, 1903.

INTOXICATING LIQUOR—EVIDENCE OF UNLAWFUL SALE—BEER.—Testimony of the state's witness, in a prosecution for the unlawful sale of liquor, that defendant sold him beer, and that he did not drink it because he and another person entered into an agreement, after the purchase, that they would not "drink any more," justified a finding that the beer referred to was an intoxicating liquor.

Appeal from Woodruff Circuit Court.

HANCE N. HUTTON, Judge.

Affirmed.

*E. M. Carl-Lee,* for appellant.

The evidence does not show and the court will not presume that the beer referred to was an intoxicating liquor. Black, Intox. Liq.; Rice, Ev. 97; 20 Ark. 17; 6 Ark. 258; 69 Ark. 360; 39 Ark. 216; 13 R. I. 211; 43 Am. St. Rep. 56; 116 Mass. 7; 34 Me. 165; 24 Fla. 363, s. c. 1 L. R. A. 825; 116 N. Y. 450, s. c. 6 L. R. A. 699; 120 Ill. 21, s. c. 60 Am. Rep. 549.

*Geo. W. Murphy, Attorney General,* for appellee.

RIDDICK, J. This is an appeal from a judgment convicting defendant of selling intoxicating liquors, and assessing a fine

against him therefor. The witness for the state testified that the defendant sold him six bottles of beer, for which witness paid him seventy-five cents, and the contention is made that this evidence is not sufficient to show that the beer sold was an intoxicating drink. But the primary meaning of the word "beer" is a malt and fermented liquor containing more or less alcohol. See Webster's Dict.; Century Dict.; 3 Am. & Eng. Enc. Law (2d Ed.); Black, Intoxicating Liquors, § 17. Courts generally take judicial notice of the fact that this species of beer is intoxicating, and the sale of it without license is prohibited by our statute. *Waller* v. *State,* 38 Ark. 656; *Briffit* v. *State,* 58 Wis. 39, 16 N. W. 39; *State* v. *Rush,* 13 R. I, 198; *Myers* v. *State,* 93 Ind. 251.

There is a secondary sense in which the word "beer" is used to describe certain non-alcoholic beverages, as root or persimmon beer, but when so used it is generally preceded by a word descriptive of the kind of beer referred to as persimmon beer, root beer and the like. When the word "beer" is used alone, without the descriptive word, it is generally, almost universally, taken as referring to the malt liquor sold under that name, and there are many decisions upholding convictions on such testimony. Black, Intoxicating Liquors, § 17, and cases cited. Now, in this case the witness said that he purchased six bottles of beer. He further stated that he did not drink this beer. As a reason why he did not do so, he stated that he and another person, after the beer had been purchased, entered into an agreement that they would "not drink any more," and so he gave this beer away. And here, again, the witness was not asked to state what class of liquids he had agreed to stop drinking. But as it is not supposable that he had agreed to quit the use of all kinds of liquids, we know that he referred to intoxicating drinks, the use of which to any great extent is generally regarded as harmful. The fact that he could not use this beer without violating his promise not to drink any more indicates very clearly that in the opinion of the witness the "beer" referred to by him was the malt and alcoholic liquor sold under that name.

This was the only witness introduced, and, as he was not asked to define the kind of beer referred to more specifically, we think that it is evident that all parties understood that he used the word "beer" according to its universally understood meaning,

and was speaking of the alcoholic and malt kinds. We therefore think that the evidence justified the conviction.

Judgment affirmed.