PEOPLE v. ANDERSON.

INTOXICATING LIQUORS—CRIMINAL LAW—BEER.

Testimony that a witness purchased beer of the respondent in a local-option county, warrants a conviction without proof of its intoxicating qualities.

Error to Wexford; Chittenden, J. Submitted November 12, 1909. (Docket No. 163.) Decided December 10, 1909.

Norman B. Anderson was convicted of violating the local-option law. Affirmed.

*D. E. McIntyre*, for appellant.

*William H. Yearnd*, Prosecuting Attorney, for the people.

BROOKE, J. Respondent was convicted of an alleged

violation of the local-option law. The information charged that on May 11, 1908, he sold and furnished to one Frank Wrigglesworth a certain quantity of malt, brewed, fermented, spirituous, and intoxicating liquor, to wit, 36 pint bottles of beer. Wrigglesworth testified that he bought a case of beer from the firm of Stewart & Anderson, and that he paid Anderson $2.50 for it. He could not recall the date, but testified that he got the beer in the alley by the storehouse of Stewart & Anderson. "I understood that was where I would find it. It was after 8 o'clock when I got the beer." James Dolan, a patrolman of the city of Cadillac, testified that on May 11, 1908, at about 8 o'clock in the evening, he saw Wrigglesworth drive up to the storehouse of Stewart & Anderson, and put a case of some kind into his hack, and drive away.

Respondent was not sworn, nor was any testimony given in his behalf. In this court respondent contends that his conviction should be set aside, because there is no testimony that a sale was made of "malt, brewed, fermented, spirituous and intoxicating liquor;" the word "beer," used by Wrigglesworth in his testimony, not necessarily importing any of the qualities of the prohibited liquor. Upon this point the authorities are not agreed, but we think the weight of authority is against the contention of respondent. *U. S.* v. *Ducournau*, 54 Fed. 138; *Snider* v. *State*, 81 Ga. 755 (7 S. E. 631, 12 Am. St. Rep. 350); *Welsh* v. *State*, 126 Ind. 71 (25 N. E. 883, 9 L. R. A. 664); *State* v. *Teissedre*, 30 Kan. 477 (2 Pac. 108, 650); *State* v. *Tisdale*, 54 Minn. 105 (55 N. W. 903); *State* v. *Effinger*, 44 Mo. App. 81; *Kerkow* v. *Bauer*, 15 Neb. 150 (18 N. W. 27); *Murphy* v. *Inhabitants of Montclair*, 39 N. J. Law, 673; *Whitcomb* v. *State*, 2 Tex. Civ. App. 301 (21 S. W. 976); *Briffitt* v. *State*, 58 Wis. 39 (16 N. W. 39, 46 Am. Rep. 621); *State* v. *Spiers*, 103 Iowa, 711 (73 N. W. 343). See Black on Intoxicating Liquors, § 17, and cases cited. The sale of beer by the respondent having been proven, it was competent for him to show

that it was not intoxicating, but he must show it, if he relies upon it as a defense.

The other assignment of error has been considered, but no discussion of it is deemed necessary.

The judgment is affirmed.

BLAIR, C. J., and OSTRANDER, HOOKER, and MOORE, JJ., concurred.