[No. 8137.]

## MOFFITT ET AL V. THE PEOPLE.

1. CRIMINAL LAW—*Information—Duplicity.* Information for the illegal sale of intoxicating liquors, in anti-saloon territory, charged the accused with acting both as principal and agent in the alleged sale. An objection on the ground of duplicity was held without merit. Where under the statute the offense may be committed in different ways, it is proper to charge it in

all possible ways, using the conjunctive where the statute is in the disjunctive. (412.)

The sale being charged to have been made, both as principal and clerk, proof of the sale in either capacity sustains a conviction. (412.)

2. —— *Amending Information.* The information charged that defendant, "by himself and another, as principal, clerk and servant," sold to four persons named, "jointly," intoxicating liquors. The district attorney was permitted to amend by striking out the words "and another," "jointly," and the names of three of those to whom the unlawful sale was alleged to have been made.

*Held* that no error was committed in allowing the amendment. (412.)

Nor in refusing to allow further time to accused in which to move to quash the information as amended, it appearing that sufficient opportunity to move against the information was afforded, in advance of the trial. (412.)

3. —— *Sale of Liquor in Anti-Saloon Territory.* In charging a violation of the local option statute, by the sale of intoxicating liquors in anti-saloon territory, it is not necessary to set out the initiatory petition, or succeeding steps, by which the district became anti-saloon territory under the statute; nor is it necessary to prove these proceedings, upon the trial. It is sufficient to allege that the sale was made after the qualified voters, at an election held for that purpose, in accordance with the law, had determined that the sale of intoxicating liquors should be prohibited. (412, 413.)

4. —— *Sale of Beer.* Where the information charges the sale of intoxicating liquors, and the evidence shows a sale of beer, it is not necessary to establish its intoxicating property, by evidence. The courts judicially notice it. (414.)

5. —— *Evidence of Sales Not Charged,* may be received against the proprietor of the tippling house, to show knowledge and consent on his part. (414.)

6. —— *Consolidation of Informations for Trial.* Informations against different persons for like violations of the same statute, may, by consent of the accused, be consolidated for trial. Separate verdicts should be rendered and separate judgments entered thereon. (413.)

7. LOCAL OPTION STATUTE—*Collateral Attack Not Allowed.* Collateral attack upon the proceeding under which a district becomes anti-saloon territory will not be allowed in a prosecution under the statute. (413.)

8. EVIDENCE—*Objections to Not Made Below,* will not be considered in the court of review. (414.)

9. CRIMINAL LAW—*Practice—Judge Invading Jury Room.* It is highly reprehensible for the trial judge to visit and confer with the jury in their retirement, and if it appears that prejudice to the accused in the slightest degree has resulted, the conviction will be reversed. But where the contrary clearly appears, the impropriety may be overlooked. (415.)

*Error to Montezuma County Court.* HON. JOHN J. DOWNEY, Judge.

Mr. H. M. HOGG, for plaintiffs in error.

Hon. FRED FARRAR, attorney general, Mr. FRANK C. WEST, assistant attorney general, for The People.

GARRIGUES, J., delivered the opinion of the court.

Walter J. Moffitt and William Syrett were convicted in the County Court of selling intoxicating liquor in anti-saloon territory in Montezuma county, and each sentenced to pay a fine of $200.00 and costs, and bring the case here for review. July 5, 1913, separate informations were filed against each defendant, substantially as follows:

"That at a general election held in the county of Montezuma and State of Colorado, on the 3rd day of November, A. D. 1908, there was regularly submitted to the qualified voters of election precinct number eight in said county and state the question of whether said election precinct number eight in said county and state should become anti-saloon territory (and the sale of intoxicating liquors prohibited therein as a beverage) ; and said question was then and there determined by a majority vote of all the votes cast in said election precinct, and found to be in favor of the same becoming anti-saloon territory.

That on the sixth day of November, A. D. 1908, the canvassing board of said county met in Cortez, the county seat of said county, and opened and proceeded to canvass the returns of said general election held in said county as stated, and the said board found from said election returns that at said election and in said precinct number eight of said county and state, that the total number of votes cast therein on the question of said precinct becoming anti-saloon territory was 146, of which number 116 was for said proposition and 30 against it.

Whereupon the said canvassing board found that a majority of all the qualified voters in said election precinct number eight in said county of Montezuma and state of Colorado voting on the question of said election precinct becoming anti-saloon territory had voted yes, and in favor of said proposition, and the same was declared carried and a certificate of such finding was made by the said board and recorded by the County Clerk in a book kept by him in the county clerk's office in said county.

That in accordance with the provisions of the local option law of the State of Colorado, this law went into operation and effect in said election precinct number eight in the county of Montezuma and state of Colorado, thirty days after the date of said election, to-wit: on December 4, A. D. 1908, and the sale of intoxicating liquors was then and there prohibited in said election precinct number eight as a beverage; and that said vote has never been reversed; and said proposition has never been resubmitted to the voters of said election precinct number eight; and that the same has continued to be anti-saloon territory ever since said December 4, A. D. 1908, down to and including the present time, and the sale of intoxicating liquors prohibited therein as a beverage.

That thereafter, William Syrett, late of the county of Montezuma and state of Colorado, on or about the 22d day of June in the year of our Lord one thousand nine hundred and thirteen, at and within the county and state aforesaid, did then and there wrongfully and unlawfully, by himself (and another) as principal, clerk and servant directly and indirectly sell to (P. B. Cates, John J. Downey) J. E. Brown (and E. E. Johnson, jointly) intoxicating liquor as a beverage within the limits of a subdivision and district in said county and state, the same being then and there anti-saloon territory, to-wit: within the limits of election precinct number eight in the said county of Montezuma and state of

Colorado, contrary to the form of the statute in such case made and provided and against the peace and dignity of the same people of the state of Colorado."

July 14 motion to quash the informations was filed, upon the grounds that they were ambiguous, uncertain, unintelligible and duplicitous. July 17, motions to quash the informations were denied and the cases were by agreement consolidated for the purpose of trial and set for trial July 21st. July 21st the District Attorney was permitted to amend by striking that portion of the informations included within the parentheses. Defendants then asked for additional time within which to file a motion to quash the informations as amended, and such additional motions as they might be advised, which was denied.

The County Clerk and Recorder testified without objection as to the election for making precinct 8, in which the sales were charged, anti-saloon territory, giving the result of the election, and the contents of the certificate of the board of canvassers. The sales were then proved as alleged, and the people rested. Defendants introduced no evidence denying the sales, or that precinct 8 was not anti-saloon territory if the election making it such was valid. They offered to prove and attempted to show that some of the proceedings in connection with the election were irregular, and claimed that the territory embraced in precinct 8 was not subject to the provisions of the local option statute. The court allowed testimony to be introduced covering these matters, but later instructed the jury that they should not consider it. The assignments of error argued, are:

(a) The court erred in permitting the District Attorney to amend the informations by erasure, and in not allowing additional time within which to move to quash the amended informations, and to file such additional motions as they might be advised.

(b) That the informations are ambiguous, uncertain,

unintelligible and duplicitous, for the reason that they charge defendant by himself as principal, clerk and servant, directly and indirectly, did sell to J. E. Brown intoxicating liquor as a beverage, within the limits of anti-saloon territory; that he could not by himself act as principal and servant in making the sale, and that it is impossible to determine from the language used, in which capacity he is charged as acting.

(c) That the informations charge no offense under the local option law, in that it does not appear therefrom that a proper petition was filed upon which to call the election for the purpose of determining whether or not precinct 8 should be anti-saloon territory.

(d) That the informations against them having been consolidated for trial, there was in fact but one information which charged defendants jointly with the sales therein alleged, that the evidence did not support such joint sale, and that the verdict should have been joint and not several.

(e) That the court erred in permitting the County Clerk to testify as to what the records of his office purported to show regarding the vote upon the question of making precinct 8 anti-saloon territory; that the only manner in which those matters could be properly proved, was by the record as provided in section 4099, R. S. 1908.

(f) That the court erred in withdrawing from the consideration of the jury evidence as to the preliminary steps upon which the election was called.

(g) That the court erred in allowing evidence of the sale of beer to go to the jury as supporting the allegation in the information that the defendants had sold intoxicating liquor, without proof that the beer sold, was in fact intoxicating.

(h) That the court erred in permitting the people to introduce evidence of divers sales, at other times, to different persons, other than those alleged in the informations.

(i) Mis-conduct of the trial judge in going into the jury room, and communicating privately with the jury, without the knowledge, and out of the presence of the defendants or their attorneys.

(j) The giving and refusing of instructions to the jury.

1. The court committed no error in permitting the District Attorney to amend the informations by striking the matters included within the parentheses. Otherwise the informations remained unchanged, nothing was added, and defendants had sufficient opportunity to move against the informations as they might have been advised, without waiting until the cases were called for trial.

2. The objection to the informations on the ground of duplicity, because they charged the defendants with acting as both principal and agent, in making the sales charged, is without merit. The purpose of an information is to inform the defendant of the offense of which he is charged, and where the statute provides it may be committed in different ways, it is proper in one count to charge it in all the ways in which it may be committed, using 'and' where the statute uses "or." *Pettit v. People,* 24 Colo. 517, 52 Pac. 676; *Rowe v. People,* 26 Colo. 542, 59 Pac. 57; *McClure v. People,* 27 Colo. 358, 61 Pac. 612; *People v. Fitzgerald,* 51 Colo. 175, 117 Pac. 135.

In the cases at bar, defendants were charged with having made the sales as principal and clerk, and if the proof established they made them in either capacity they would be guilty, and if the sale was made by a clerk, the principal would be guilty as well as the clerk.

3. Whether it was necessary that the initiatory petition and all succeeding steps leading up to the formation of anti-saloon territory must be set out in the information charging an illegal sale in such territory, is a question upon which there is a lack of uniformity in the authorities. In

our opinion it ought not to be necessary to allege or prove on such trial, these preliminary proceedings. It can serve no useful purpose, and is open to the criticism that if the averments of the information are denied, an issue is created thereby for the determination of the jury regarding these averments, under which the territory may be found to have been regularly declared anti-saloon by one jury, and not so established by another, leaving the question in a perpetual state of uncertainty, and practically destroying the effect of the statute. The correct practice in this regard seems to be announced in *Key v. State*, 37 Tex. Crim. Rep. 77, 38 S. W. 773, where it is held that the allegation that the sale was made after the qualified voters of said county, at a legal election held for that purpose in accordance with law, determined that the sale of intoxicating liquors should be prohibited in said county, is sufficient. And further, this is a collateral attack, and we are of the opinion that no attack can be made upon the regularity and validity of the proceedings, in a collateral matter. *State v. Emery*, 98 N. C. 768, 3 S. E. 810; *State v. Cooper*, 101 N. C. 684, 8 S. E. 134; *Woodard v. State*, 103 Ga. 496, 30 S. E. 522; *State v. O'Brien*, 35 Mont. 482, 90 Pac. 514, 10 Ann. Cas. 1006; *Crouse v. State*, 57 Md. 331.

4. The purpose of consolidating cases for trial, is for convenience, to expedite the business of the court, and save time and expense, and in this case it was done by consent or agreement. The status of the parties was in no manner changed by such consolidation, which was for the purpose of trial only. The method adopted by the court in having the jury return separate verdicts and entering judgments accordingly, was correct. *Parker v. People*, 13 Colo. 155, 21 Pac. 1120, 4 L. R. A. 803; *In re Packer*, 18 Colo. 525, 33 Pac. 578; *Quinn v. People*, 32 Colo. 135, 75 Pac. 396.

5. The contention that the court erred in permitting the County Clerk to testify orally as to what the records of

his office disclosed relative to the election in precinct 8, whereby it was declared to be anti-saloon territory, instead of introducing the records as provided by sec. 4099, R. S. 1908, is without merit, for the reason that the defendants made no objection to the manner of proof at the time, when the record evidence could have been easily procured; and not having objected in the court below, they will not be heard to complain here.

6. The regularity and validity of the proceedings in the formation of anti-saloon territory not being subject to collateral attack, it was proper for the court to withdraw the evidence relative to that matter, from the consideration of the jury.

7. It was not necessary for the people to prove that the beer mentioned in the testimony was in fact intoxicating liquor. Our statute says: "Intoxicating liquors shall mean all distilled, spirituous, vinous, fermented or malt liquors." R. S. 1908, sec. 4094. The courts of this state will take judicial notice that the word "beer," unqualified and standing alone, means a malt, intoxicating liquor, without further proof. Among the authorities sustaining this view, are: *Williams v. State,* 72 Ark. 19, 77 S. W. 597; *State v. May,* 52 Kan. 53, 34 Pac. 407; *Briffitt v. State,* 58 Wis. 39, 16 N. W. 39, 46 Am. Rep. 621; *State v. Besheer,* 69 Mo. App. 72; *Sothman v. State,* 66 Neb. 302, 92 N. W. 303.

8. One of the defendants was the proprietor of the place where the intoxicants were alleged to have been sold. It was proper to permit the introduction of evidence of other sales than those charged in the information, not for the purpose of establishing the alleged sales, but to show knowledge and consent on the part of the proprietor. *State v. Wentworth,* 65 Me. 234, 20 Am. Rep. 688; *Sellers v. State,* 98 Ala. 72, 13 So. 530; *Commonwealth v. Dearborn,* 109 Mass. 368.

9. After the jury retired, they summoned the judge

to the jury room and informed him they had reached a verdict finding both defendants guilty on the first count, but were unable to agree as to defendant Syrett on the second count, and inquired what form of verdict they should return in the event they should find him not guilty on this count; thereupon the judge informed them what form of verdict should be used under those circumstances. Later the judge was again summoned to the jury room and asked by the jurymen whether they could disagree upon the second count against Syrett, and were told they should endeavor to arrive at a verdict. This all took place between the judge and the jury, in the jury room, and is the misconduct complained of. Eventually Syrett was found not guilty on the second count of the information.

It is not claimed that defendants were in the least injured, or their rights prejudiced by this misconduct of the trial judge. Defendants' counsel in his brief says: "It is conceded that nothing detrimental to the defendants appears to have taken place." Unquestionably such conduct on the part of the trial judge was improper and merits severe criticism, and had it appeared that the rights of the defendants were in the least prejudiced, we would unhesitatingly reverse the case on that ground. But inasmuch as there is no claim that their rights were in any manner prejudicially affected, and it clearly appears from the record that they were not, we cannot reverse the case on this assignment.

10. We do not deem it necessary to discuss in detail the errors assigned on the giving of instructions to the jury, and the refusal to give those requested by defendants. Some of the questions advanced have been settled by the pronouncements hereinbefore made. As to the others, after a careful examination of the matters stated in connection with all the facts and circumstances of this particular case, we do not find that there is any sufficient error to justify us in reversing the case.

The judgment of the lower court will be affirmed.

*Affirmed.*

Decision *en banc.*