KANNENBERG, Plaintiff in error, vs. THE STATE, Defendant in error.

*May 7—June 20, 1927.*

*Intoxicating liquors: Judicial notice: What "moonshine" is: Evidence: Sufficiency.*

1. The term "moonshine" has a well understood popular meaning as liquor smuggled or illicitly distilled; and the supreme court will take judicial notice of the fact that moonshine is privately manufactured distilled intoxicating liquor. p. 477.
2. In a prosecution for the possession and sale of intoxicating liquor, testimony by a witness that he purchased moonshine from defendant's soft-drink parlor and drank the same, and that he knew the contents of the bottle was moonshine, was sufficient to sustain a conviction. p. 478.

ERROR to review a judgment of the circuit court for Oneida county: A. H. REID, Circuit Judge. *Affirmed.*

Plaintiff in error (hereinafter called the defendant) was convicted of illegal possession and illegal sale of intoxicating liquor, and brings this writ of error to review the judgment.

The cause was submitted for the plaintiff in error on the brief of *Bird, Smith, Okoneski & Puchner* of Wausau, and for the defendant in error on that of the *Attorney General, J. E. Messerschmidt,* assistant attorney general, and *John W. Kelley,* former district attorney of Oneida county.

OWEN, J. On May 20, 1926, the defendant was the proprietor of a soft-drink parlor at Pelican Lake, and operated the same under a license duly issued therefor. He was convicted of illegal possession and illegal sale of intoxicating

liquor. It is contended here that the evidence was not sufficient to support the verdict and judgment.

One Flannery testified that on the 20th day of May, 1926, he entered defendant's soft-drink parlor, called for a drink of "moonshine," and the same was given to him in a whisky glass; that he drank the contents of the glass; that he then called for a pint of "moonshine," which was delivered to him and for which he paid one dollar; that he drank from the bottle so delivered to him, that he knew "moonshine" when he drank it, and that the contents of the bottle so delivered was "moonshine;" that after three or four drinks had been taken from the bottle, he delivered the bottle with its remaining contents to the district attorney, and that the district attorney sealed it up and put a stamp on it. The district attorney produced a bottle in court, which the defendant's attorney stipulated to be "the same bottle that was in the district attorney's possession since it was presented to him on the 22d day of May."

It is contended that this evidence is not sufficient to support the judgment. In view of the fact that there was no evidence to show that the contents of the bottle was intoxicating liquor, it is contended that the evidence of the witness Flannery to the effect that the contents of the bottle was "moonshine" is not sufficient proof that the bottle contained intoxicating liquor. The term "moonshine" has a well-understood popular meaning. That meaning accords with the definition given the noun "moonshine" by lexicographers. In Funk & Wagnalls' College Dictionary, "moonshine," as a noun, is defined as "smuggled or illicitly distilled spirits." Webster's New International Dictionary defines "moonshine," used as a noun, as "liquor smuggled or illicitly distilled."

In *State v. Harris,* 106 Oreg. 211, 211 Pac. 944, it is said:

"It is a matter within the common knowledge of all men, and courts take judicial notice of the fact, that moonshine

whisky is intoxicating, and that liquor which does not contain more than one half of one per cent. of alcohol is not intoxicating, and therefore, within the meaning of the statute, moonshine whisky is an intoxicating liquor *per se,* the possession of which is unlawful unless the party charged with its possession had possession of the liquor on or before February, 1917."

In *Briffitt v. State,* 58 Wis. 39, 16 N. W. 39, this court held that it would take judicial notice that "beer" was a malt and intoxicating liquor. The same considerations require us to take judicial notice of the fact that "moonshine" is privately manufactured distilled intoxicating liquor.

It follows that the evidence was sufficient to sustain the conviction, and that the judgment under review must be affirmed.

*By the Court.*—So ordered.