## LORD *v.* THE STATE.

18 173
71 610

A respondent, indicted for a crime punishable by imprisonment for life, may object, on the trial, that he has not been furnished with information of the place of abode of a witness called for the prosecution, if the objection is not equally applicable to the whole list of witnesses, so as to be in effect an objection that no list, such as the statute requires, has been furnished to him. An objection that no list has been furnished must be taken before the trial, or it will be held to be waived; unless the court, in its discretion, should receive it for the purpose of postponing the trial until a list is furnished.

If, following the name of the witness in the list, there is a designation of a town and State, that is a sufficient designation of the place of abode of the witness.

The respondent, in an indictment for a crime punishable by imprisonment for life, cannot, after proceeding to trial, object that no copy of the indictment was furnished to him before he was arraigned, and thereupon require the court to instruct the jury that he can be convicted only of such lesser offence as may be comprehended in the indictment, and which would not require a copy to be furnished.

ERROR to the court of common pleas. The plaintiff in error was tried upon an indictment for carnally knowing and abusing a female child under the age of ten years. The defendant pleaded not guilty. Counsel were assigned him in pursuance of the statute for that purpose, and a day appointed for his trial. Upon the trial, the first witness called by the government was Catharine Hughes, described in the list of witnesses furnished to the plaintiff in error as " Mrs. Hughes, wife of said Ed-

ward Hughes." He waived any exception to the description of the witness, and she was examined. The next witness was Edward Hughes. After the name of each witness, except Mrs. Hughes, was "Dover, N. H." The plaintiff in error then took exceptions to the list of witnesses generally, as not being conformable to the requisitions of the statute.

The exception was overruled, and the trial proceeded. After the evidence was completed, and before the case was submitted to the jury, the plaintiff in error moved the court to instruct the jury that the State, having neglected to furnish him with a copy of the indictment, the only verdict which they could render was one convicting him of an assault, and not of the crime charged, which was punishable by imprisonment for life in the State prison.

It appeared that no copy of the indictment had been furnished him before he was arraigned. It also appeared that in June last he was brought before a magistrate, upon this charge, and committed to answer.

The court declined to give the instructions requested, and charged the jury that if they believed the prisoner guilty of the offence set forth in the indictment, they could render a general verdict.

The jury returned a verdict of guilty, and he then moved the court to sentence him only for a minor offence, and not for a crime subjecting him to imprisonment for life; but the court overruled the motion, and sentenced him according to the conviction.

*Hale & Soule,* for the plaintiff in error, argued, 1. That the list of witnesses, inasmuch as it did not designate the place of abode of the witnesses, was not conformable to the statute, and that the court erred in refusing so to rule. See *Rix* v. *Johnson,* 5 N. H. Rep. 520–6.

2. That the court should have instructed the jury that

the plaintiff in error was entitled to a copy of the indictment before arraignment, and could only be convicted of assault. 2 Hale's P. C. 216; 2 Hawk. P. C. 438; *Commonwealth* v. *Hardy,* 2 Mass. 303; *Commonwealth* v. *Andrews,* 3 Mass. 133; *Commonwealth* v. *Northampton,* 2 Mass. 117; *Commonwealth* v. *Briggs,* 5 Pick. 429; *Commonwealth* v. *Doty,* 2 Met. 18.

*Walker,* attorney-general, for the State.

PARKER, C. J. The statutes provide that "every person indicted for any offence, the punishment of which may be death or confinement to hard labor for life, shall be entitled to a copy of the indictment before he is arraigned thereon; a list of the witnesses to be used on the trial, and of the jurors returned to serve on the same, with the name and place of abode of each, to be delivered to him forty-eight hours before the trial; counsel, learned in the law, not exceeding two, to be assigned him by the court, at his request," &c. Rev. Stat., ch. 225, sec. 3.

Under this clause of the statute, the respondent, now plaintiff in error, after one witness had been examined without objection, excepted that the place of abode of the several witnesses was not designated in the list of witnesses which had been furnished him.

Undoubtedly it is competent to the respondent, when a witness is called in such a case to be examined against him, to except that such witness is not named in the list furnished to him, for the purpose of excluding the testimony of that witness. And it seems to be equally clear that he may, in like manner, except that the place of abode of the witness has not been furnished or designated, for a like purpose, if the objection does not equally apply to the whole list, so as to be in effect that no list, such as the statute requires, has been furnished.

The plaintiff in error might have taken this exception

to the examination of Mrs. Hughes. The description, "wife of Edward Hughes," does not designate her place of abode, even if his name and place of abode are set forth in the same list. *Non constat* that she has the same place of abode as her husband, and the plaintiff in error was entitled to information of her place of abode. By permitting her to be examined without objection, he, for that reason, waived his right to take exception to her evidence. Here, then, is one instance where a respondent may, and does, waive his right in a criminal case, by implication. His objection was then taken to the whole list, for the objection which he took applied to her, however it might be respecting the remainder of the persons named in the list.

We are of opinion that it is not competent to a respondent, at that stage of the proceedings, to take an exception to the list of witnesses, nor to take an exception of that character to an individual witness, which is alike applicable to all the others. It is, in effect, an objection that no evidence can be admitted except at the pleasure of the respondent, and that, if he permits the case to proceed, no witness can be examined except by his consent. It is, substantially, that no list, such as the statute requires, has been furnished to him. If such be the fact he may object, when the case is called, to proceeding with the trial until the requisition of the statute is complied with. And if he do not take the objection at that time and for that purpose, as he may do, but proceeds with the trial without objection, he must be regarded as waiving it, unless the court, in its discretion, should afterwards receive the objection for the purpose of postponing the trial, in order that a proper list may be furnished. The statute was intended to secure to persons indicted means of information which would enable them to make their defence, and not to furnish them an exception, to be shrewdly used as a means of escape from justice.

But we are of opinion, farther, that the objection in this case was not well founded, except in regard to the witness against whose admission it was not taken. There is no particular formality required in designating the place of abode of the witnesses. Any mode which gives the information with sufficient clearness and certainty, so that the respondent can readily understand it, is sufficient. The words, "Dover, N. H.," inserted in the list after the name of each witness except Mrs. Hughes, indicated clearly that the town of Dover, in this State, was alleged as the place of abode of the witness. Postmasters find no difficulty in forwarding letters to the place of residence of the parties to whom they are directed, or to the place which is assumed as the place of residence, upon precisely such information. The preposition " of," which it is contended should have been inserted, would not have given the respondent any more certain or definite information upon that point.

For both of these reasons, there was no error in the ruling in relation to the list.

Nor was there error in the refusal to instruct the jury that they could only convict the respondent of an assault, because a copy of the indictment was not furnished to him before he was arraigned. The exception is ingenious, but utterly unsound. Some of the reasons already suggested respecting an objection to the list of witnesses, apply here. The provision is intended to secure to the respondent full means of information respecting the charge which is made against him, that he may be enabled to judge how to plead, as well as how to make his defence. If there is an attempt to arraign him before a copy of the indictment has been furnished to him, he may object to plead; should he plead, in ignorance of his rights, he may, before the trial, claim delay, and another arraignment after a copy has been furnished. He cannot well proceed to trial in ignorance of his rights, because,

upon his plea, "counsel, learned in the law," are assigned him by the court. If, after that, he proceeds to trial without claiming another arraignment after a copy duly furnished, and without objection, there can be no sufficient reason why he should take the chance of an acquittal, and afterwards object that he had not been furnished with a copy of the indictment. After verdict, without the objection, it would stultify the administration of the law to hold that the exception could then be taken. He must be held to have waived his right to insist that a copy should be furnished, which, in at least nine cases out of ten, is not important to his defence; and just as little is he entitled to object that he cannot be convicted of the crime with which he stands charged, because he was not furnished with a copy before he was arraigned. That fact does not alter the nature of the accusation, and change the indictment to one for a lesser offence. Of course, then, it does not limit the investigation upon the trial. The respondent is to be tried for the crime for which he is indicted. But if, under such circumstances, he could not be convicted of the crime charged against him, there could be no trial of him for that crime; and if he could not be tried for that crime, he could not be tried and convicted of any lesser offence which might be included in that crime, and therefore comprehended in the indictment, if the jury should be of opinion that the greater offence had not been committed. Where the respondent is acquitted of the greater offence, he may be convicted of the lesser, but this is to save another indictment and trial in those cases where the crime charged involves a lesser offence of which the party may be guilty. This applies only to cases of acquittal of the greater offence. If the greater offence has been committed, the lesser is merged. If, upon demurrer to an indictment for murder, the court were of opinion that the indictment was defective as an indictment for murder, but that an assault was well compre-

hended in what was charged, they would neither adjudge the respondent guilty of the assault, upon the demurrer, nor order him tried for that offence upon that indictment.

If the defendant's position were founded upon any principle, it would go farther than the motion in this case. So much of the indictment as charged an offence punishable by imprisonment for life, should not be read to the jury, because, by reason of the failure to deliver the copy of the indictment, he could not be tried on that, but only for such a lesser offence as required no delivery of a copy; and thus we should have the absurdity of a trial for a crime for which the party was not indicted, and which was not included in the alleged crime for which he was on trial.

The fair inference here is, that the defendant lay by, in order to take advantage of the omission at a stage of the trial when he supposed it was too late to supply the defect.

We have gone far enough in sustaining trivial exceptions on which the guilty may escape punishment.

It is not to be regretted, however, that the law is so tender of the rights of persons accused, that there is much stronger probability that a guilty person will escape than that an innocent one will suffer.

*Judgment affirmed.*