STATE OF MINNESOTA *vs.* CONRAD SCHUMM.

November 25, 1891.

Motion to set aside Indictment, when to be Made.—A motion to set aside an indictment for defects in the organization of the grand jury must be made at the time of the arraignment, unless for good cause the court allow it to be made subsequently.

Petit Jury, how to be Drawn—Challenge to Panel.—*State* v. *Greenman,* 23 Minn. 209, followed, in construing the statute requiring the petit-jury list drawn by the board of county commissioners to be certified and signed by the chairman of the board. A defect in this particular is a cause of challenge to the panel of a petit jury drawn from such list.

Defendant was tried and convicted in the district court for Wright county, before *Pond,* J., on an indictment for selling "intoxicating liquor, to wit, beer," "on the 30th day of November, A. D. 1890, being the Sabbath day," and was sentenced to pay a fine of $50 and costs, and to 15 days' imprisonment in the county jail. He appeals from the judgment and from an order refusing a new trial.

*A. Y. Eaton* and *W. H. Cutting*, for appellant.

*H. W. Childs*, for the State.

DICKINSON, J.   1. The motion to set aside the indictment was not made in time to enable the defendant to take advantage of the facts that the grand-jury list in the clerk's office had not been certified and signed by the chairman of the board of county commissioners, and that the court had summoned two additional grand jurors by special *venire*, although a sufficient number of grand jurors of the regular panel to constitute a legal grand jury had appeared.   The motion was not made until the commencement of the trial.   The statute requires such a motion to be made at the time of the arraignment, unless for good cause the court postpones the hearing to another time; and, if not then made, the defendant is precluded from afterwards raising such objections.   Gen. St. 1878, *c.* 110, §§ 1–4; *c.* 109, § 19.

2. A challenge to the panel of the petit jury was interposed for the reason that the petit-jury list, drawn by the board of county commissioners and deposited in the office of the clerk of the court, was not certified nor signed by the chairman of that board, although it was properly attested by the county auditor.   The fact was as indicated in the challenge.   In this particular the statutory requirement as to the making and authentication of the list from which the jury had been drawn had not been complied with.   Id. *c.* 8, § 107.   The departure from the requirement of the statute was material, (*State* v. *Greenman*, 23 Minn. 209, 211,) and for this defect the challenge was well taken, and the court erred in its ruling to the contrary.   A new trial must therefore be allowed.

Order reversed.