## J. W. B. WELLCOME v. E. F. BERKNER.[1]

June 18, 1909.

Nos. 16,105—(140).

**Municipal Court May Appoint Elisor in Absence of Officer.**
Municipal courts, organized under the provisions of Laws 1895, p. 575,

[1] Reported in 121 N. W. 882.

c. 229, are authorized to appoint an elisor to make a list of names of persons from which to select a jury, where no officer qualified to make such list is present. The character and form of the evidence to show such disqualification rest in the discretion of the trial court.

### Return on Appeal—Sufficiency of Evidence.

Where the return on an appeal on questions of law alone from the judgment of a municipal court to the district court does not purport to contain all of the evidence, no question as to the sufficiency of the evidence to support the verdict can be raised in the district court.

### No Errors on Admission of Evidence.

The trial court made no reversible errors in its rulings on the admission of evidence.

Action in the municipal court of Sleepy Eye to recover two dollars for medical services, where plaintiff had a verdict and judgment for the sum demanded. On appeal to the district court for Brown county on questions of law alone, that court, Morrison, J., acting for the judge of the Ninth judicial district, affirmed the judgment of the trial court. From the judgment entered pursuant to the order of affirmance, defendant appealed. Affirmed.

*Somerville & Hauser,* for appellant.

*L. G. Davis,* for respondent.

START, C. J.

Plaintiff, a physician, brought this action in the municipal court of the city of Sleepy Eye to recover from the defendant two dollars for professional service. The complaint alleged that the services were rendered at the special request of the defendant in attendance upon his minor child, and were of the value of two dollars. The answer alleged that the defendant had not information sufficient to form a belief as to the allegations of the complaint, and therefore denied the same. The answer also alleged a counterclaim for services and advice of the reasonable value of twelve dollars, rendered and given to the plaintiff at his request. The counterclaim was put in issue by the reply. The action was tried by a jury in the municipal court. Verdict for the plaintiff for two dollars for which judgment was entered, with $29.86 costs—in all, $31.86.

Defendant appealed from the judgment to the district court of

the county of Brown upon questions of law alone. The district court, upon the transcript from the municipal court, affirmed the judgment appealed from, with $20.55 additional costs, and judgment for $54.-26 was entered against the defendant, from which he appealed to this court.

The defendant's contention is that the district court erred in affirming the judgment of the municipal court, because that court erred in impaneling the jury and in its rulings as to the admission of evidence, and, further, that the plaintiff's right to recover was not clearly established by the evidence, as stated by the district court in its decision. The certified transcript of the municipal court does not purport to contain all of the evidence given on the trial of the case upon which the jury based their verdict. Therefore no question as to the sufficiency of the evidence to support the verdict was before the district court, nor can it be raised in this court. The presumption is that the verdict is right, and there is nothing in the record to overcome the presumption; hence the statement in the decision of the district court, if not technically correct, was not prejudicial error.

The record discloses no reversible errors in the rulings of the municipal court as to the admission of evidence. The only alleged error entitled to any serious consideration is the one relating to the impaneling of the jury.

It appears from the record that when the case was called for trial in the municipal court the defendant demanded a jury trial, and the parties agreed to a jury of six; that there were then present in court only two officers—Sheriff Julius, who was present as a witness for the defendant, and the chief of police of the city, Paul C. Jacobson. The plaintiff claimed that the chief of police was biased to such an extent as to prevent him selecting a fair and impartial jury. The court, over the objection and exception of the defendant, made the order following: "Request granted; and Paul C. Jacobson being disqualified, no other officer being present in the court except Sheriff Julius, witness for the defendant, I, the court, deputize Peter J. Graff to select the names of eighteen inhabitants of the county of Brown, qualified as jurors in the district court of said county, from which to impanel a jury in the above entitled cause." The person so deputized prepared such list, and before he signed it he was duly

sworn. A jury was selected by the respective parties from the list, neither making any claim that it was not an impartial one, and a venire issued and delivered to the chief of police, which was served and returned by him.

The defendant urges that the action of the municipal court in appointing a person not an officer to make the jury list was error. The right to an impartial jury, selected in the manner provided by law, is a valuable one, and a challenge to the panel of a jury will be sustained where there is a material departure from the mode prescribed by statute for selecting and drawing the jurors. State v. Schumm, 47 Minn. 373, 50 N. W. 362. This case, however, is not such a one; for it does not involve any act or omission of a ministerial officer charged with a statutory duty as to the selection or drawing of a jury. The question presented by the record is whether it was error for the court to appoint a person not an officer to make the jury list; there being no qualified officer present. Courts of record having common-law jurisdiction may appoint a disinterested person as elisor to act in the selection and drawing of a jury, when the officers designated by the statute for the discharge of such duty are either absent or disqualified. 24 Cyc. 227; 12 Enc. Pl. & Pr. 338.

The municipal court of the city of Sleepy Eye is organized under the provisions of chapter 229, p. 575, Laws 1895. Courts organized under that chapter are courts of record, possess all the powers usually possessed by courts of record at common law, and the judges thereof possess the general powers of judges of courts of record, except as therein provided. Sections 4, 6, Laws 1895. The method of securing a jury in such courts is provided by section 26 (p. 584) Laws 1895, in these words: "In all actions where either party demands a trial by jury, such jury shall be drawn and empanelled in the same manner as in justice courts, and the laws of this state relative to trial by jury in justice courts, shall apply to this court; provided that the judge of said court may direct the chief of police or any police officer or marshal of said city to perform the duties prescribed to be performed by the sheriff or constable in justice courts."

It is the contention of the defendant that this provision is mandatory, and that no other officer or person except those expressly named can be authorized to make the list; but it is clear that the statute

must be read and construed with reference to the power of courts to appoint an elisor when no qualified officer is present. So construing the statute, we hold that municipal courts organized under chapter 229, p. 575, Laws 1895, may deputize an impartial person to make a list of names of persons qualified as jurors, from which a jury may be selected and impaneled, when no qualified officer is present to discharge such duty and it is not practicable to call in another officer.

It is urged on behalf of the defendant that no affidavit of the disqualification of the sheriff and chief of police was made in this case. It does not appear from the record upon what showing the trial court found that the chief of police was disqualified. While an affidavit showing the disqualification of the officer is a practical and proper way of laying the foundation for the appointment of an elisor, yet it is not the only way of showing such disqualification. The character and form of the evidence in such cases rest in the discretion of the trial court, and its action will not be disturbed, unless the evidence shows that it acted arbitrarily. 24 Cyc. 227. The trial court, however, should proceed in such cases with caution, and set aside a regular officer only when clearly satisfied that he is disqualified. The record in this case does not show that the trial court abused its discretion, or committed any error in the impaneling of the jury which was prejudicial to the defendant's substantial rights.

Judgment affirmed.