# STATE ex rel. JOHN R. BULLARD v. M. McDONOUGH.[1]

February 9, 1912.

Nos. 17,498—(243).

**Habeas corpus — contempt.**

*Held*, that in a habeas corpus proceeding, where a duly elected and qualified judge of a municipal court is engaged in the hearing of a preliminary

1 Reported in 134 N. W. 509.

examination of a prisoner duly brought before him, he has jurisdiction to punish for contempt of court committed in open court, although there have been proceedings taken under section 131, R. L. 1905, to oust him of jurisdiction to hear that particular case.

**Same — jurisdiction.**

The commitment, fairly construed, shows that the court imposed a fine, and not a jail sentence; and, *held,* further, that he had authority to impose a fine of $10 and in default of payment to commit the offender to the county jail till the fine was paid, not exceeding ten days.

**Irregularities not available to relator.**

Irregularities in the procedure examined, and *held* not available to the relator under the proceedings in habeas corpus.

Upon the petition of John R. Bullard, the district court for Waseca county issued its writ of habeas corpus directed to M. McDonough, sheriff of that county. The matter was heard before the court commissioner of the county, who, at the close of the testimony, ordered the discharge of the prisoner, J. P. Wagner, from the custody of M. McDonough. From the order of discharge, respondent sheriff appealed. Reversed and prisoner remanded.

*Fred W. Senn, Henry M. Gallagher* and *E. B. Collester,* for appellant.

*John R. Bullard* and *Joseph N. Moonan,* for respondent.

HOLT, J.

Appeal by the respondent, the sheriff of Waseca county, Minnesota, from the order of the court commissioner of said county discharging a prisoner from his custody.

In the city of Waseca existed during the time herein referred to a municipal court, under the provisions of Laws 1895, p. 575, c. 229, and amendatory acts, and A. J. Lohren was the duly elected and acting judge thereof. On December 14, 1911, one John Brandt was brought before said court upon a warrant issued upon a complaint filed therein charging grand larceny. The preliminary hearing was adjourned till December 18, at two p. m., for the reason that neither party was then ready. Thereafter, on the same date, the

prisoner filed an affidavit of prejudice against Judge Lohren, for the purpose of having a transfer of the examination to some other magistrate. The court denied the application the next day; the prisoner's attorney appearing and excepting to the ruling. On December 16 another affidavit of prejudice was filed, wherein a transfer was demanded under section 5260, R. L. 1905. This demand was denied. Then another affidavit of prejudice was filed, and upon application to the mayor he deemed the judge disqualified, and, under section 131 of the Revised Laws of 1905, designated J. P. Wagner, a justice of the peace of the county, to sit as judge. At the time and place appointed for the preliminary examination in the case of State v. Brandt it appears that Judge Lohren refused to abdicate in favor of Justice Wagner, and while hearing argument on the proposition from the prisoner's counsel the justice boisterously proclaimed himself judge of the municipal court and undertook to take the chair of Judge Lohren, whereupon the judge promptly tipped the justice out, and the latter, owing to a temporary disability, slid under the table and became profane and abusive, whereupon the judge fined him for contempt of court, and, failing to pay the fine, he was committed to the respondent's keeping, where he went to sleep; but his attorney was alert and petitioned for a writ of habeas corpus.

Many technical questions are raised by the parties; but we deem it unnecessary to consider them, because irregularities which do not go to the jurisdiction of the court issuing the commitment or to the validity of the judgment and commitment on the face thereof cannot be reached in this proceeding. State v. Bailey, 106 Minn. 138, 118 N. W. 676, 19 L.R.A.(N.S.) 775, 130 Am. St. 592; State v. Langum, 112 Minn. 121, 127 N. W. 465.

Conceding, without deciding, that filing an affidavit of prejudice under section 131, R. L. 1905, is authority for the mayor to designate a justice to take the place of the judge of the municipal court, we have a case where such judge refused to be ousted, and proceeded to hold court, notwithstanding the action of the mayor. Judge A. J. Lohren was still judge of the court. He undertook to act as

such. If he, by the filing of the affidavit and the mayor's act, had lost jurisdiction to proceed against the prisoner, Brandt, the latter had his remedy. It was not for the justice to interrupt the procedure in the court presided over by Judge Lohren. It cannot be doubted that the latter had jurisdiction in the premises.

Were the judgment and commitment void? It is claimed the proceedings for contempt must in every particular conform to sections 3995 and 3996, R. L. 1905, wherein punishment for a contempt is limited to $20 fine or imprisonment not exceeding two days, and that a record must be transmitted to the clerk of the district court, and that the "warrant of the commitment shall set forth the particular circumstances of the offense, or it shall be void." The warrant of commitment, after the caption and direction to the proper officer and the keeper of the common jail, proceeds:

"Whereas, J. P. Wagner, on the 18th day of December, 1911, brought before A. J. Lohren, judge of the municipal court of the city of Waseca, in and for said county, during the sessions of said court, became boisterous and wanted to deprive the court of its peaceful proceedings, and fined $10 for contempt of court, which the said J. P. Wagner did not offer to pay and was sentenced to ten days' imprisonment in the county jail: Now, therefore, the said sheriff, you are commanded forthwith to convey and deliver into the custody of the said keeper the body of the said J. P. Wagner for a period of ten days, or until the fine of ten dollars ($10) shall have been paid, or until he shall be thence discharged by due course of law.

"Given under my hand this 18th day of December, A. D. 1911.
                    "A. J. Lohren,
                    "Municipal Judge."

In the records or docket of the court, in the case of State v. Brandt, we find this: "Dec. 18th, 1911. Court called at two o'clock, p. m. J. P. Wagner, justice of the peace, appeared and in a very boisterous manner declared that he was the municipal judge of the city of Waseca, and, refusing to keep quiet, the said J. P. Wagner was fined $10 for contempt of court. Failing to pay the

fine, the said J. P. Wagner was sentenced to imprisonment in the county jail for a period of ten days, or until the fine is paid and commitment was duly "issued." After the issuance of the writ of habeas corpus a more formal and complete order or judgment was entered.

It is true that the municipal court was limited as to the punishment of contempts to the same extent as justices of the peace. But it is manifest that the sentence was a fine, and the imprisonment was merely intended to enforce the payment thereof. There was no attempt made to impose a straight jail sentence. Therefore it is by no means clear that the court in any manner exceeded its jurisdiction, for a court has both the inherent and statutory power to enforce fines by confinement in the common jail for a proportionate reasonable time. State v. Peterson, 38 Minn. 143, 36 N. W. 443; City of Jordan v. Nicolin, 84 Minn. 367, 87 N. W. 915; sections 4031, 4542, 4776, 5242, R. L. 1905.

It is further urged that the procedure in contempt cases must be the same as in justice court. A justice court is not a court of record; hence the necessity of transmitting proceedings to such a court. The municipal court of the city of Waseca is a court of record. Wellcome v. Berkner, 108 Minn. 189, 121 N. W. 882. There is no apparent reason for holding that such a court should, as to the form of judgment and commitment, conform in all things to contempt procedure in justice court, or file the same with the clerk of the district court. In fact, municipal courts created under the present law are not limited in express terms in contempt matters to sections 3995 and 3996 of Revised Laws.

While the judgment and commitment are not in the most approved form, we are of opinion that there is a substantial compliance with the statute. Moreover, the defects complained of, such as failure to give Wagner an opportunity to be heard, inaccuracy in the order or judgment, omission to file the record with the clerk of the district court, that the judge signed the commitment as such, instead of as clerk, are not available in habeas corpus proceedings. The authorities relied on by relator are not in point or are for re-

117 M.—12.

spondent. Especially is this true of Starry v. State, 115 Wis. 50, 90 N. W. 1014. Crites v. State, 74 Neb. 687, 105 N. W. 469, is an appeal from the judgment. State v. District Court, 124 Iowa, 187, 99 N. W. 712, is certiorari, and contempt proceedings are under statutes differing from ours.

The order of the court commissioner is reversed, and the prisoner, J. P. Wagner, is remanded to the custody of the respondent herein, M. McDonough.

PHILIP E. BROWN, J., being absent on account of illness, took no part.