## LOUIS CONLEY v. STATE.

No. A-5325. Opinion Filed April 3, 1926.
(244 Pac. 595.)

W. R. Withington, for plaintiff in error.

The Attorney General and Smith C. Matson, Asst. Atty. Gen., for the State.

BESSEY, P. J. The only question presented for review in this appeal is the alleged error of the trial court in overruling the plaintiff in error's objection to the introduction of evidence, because he had not been served with a list of witnesses to be used by the state against him. After this prosecution was instituted, and had been pending in the district court for a period of four or five months, an amended information was filed, charging the plaintiff in error with robbing the Farmers' State Bank of Braman of the sum of $1,293 in money and $3,300 in Liberty Bonds, by placing the agents and those in charge of the bank in fear by the use of firearms.

It would appear that both parties in effect announced ready for trial, and after the jury were impaneled and sworn the county attorney made his opening statement to the jury, and the plaintiff in error's attorney made his statement. After the witnesses were sworn and placed

under the rule, and the first witness for the state appeared upon the stand, the plaintiff in error for the first time objected to the introduction of any testimony in the case, on the ground that no list of witnesses had been served upon him more than two days previous to the trial. Evidence was introduced in support of and controverting this objection.

Whether a list of witnesses had in fact been furnished the defendant, as contemplated by law, does not clearly appear from the record. But, if such list was not furnished him, the objection came too late, and was properly overruled. The right to be served with a list of the witnesses was waived under the circumstances shown in the record. State v. Frisbee, 8 Okla. Cr. 406, 127 P. 1091; Walker v. State, 10 Okla. Cr. 533, 139 P. 711; Robbins v. State, 12 Okla. Cr. 249, 155 P. 491. No objection was interposed until after the jury was impaneled and sworn and the defendant was in jeopardy. To sustain such an objection at that stage of the proceedings would be equivalent to an acquittal, no matter how guilty the accused might be, amounting to a manifest miscarriage of justice. In the trial of a criminal case the defendant, as well as the state, must play fair.

The record shows that this defendant was an old offender, having been previously convicted of robbing another bank. The judgment of the trial court is affirmed.

DOYLE and EDWARDS, JJ., concur.