## STATE v. ROBERT L. McCLENDON.[1]

July 1, 1927.

No. 26,242.

**Competent evidence to show possession of weapon not rendered incompetent because incidentally it connects defendant with unrelated offenses.**

1. Evidence that defendant was the possessor of a weapon of the kind with which a homicide was committed is not rendered incompetent by reason of the fact that it tends incidentally to prove the commission of other and unrelated offenses.

**Nor does such incidental effect render testimony of state in rebuttal incompetent.**

2. Neither does such incidental effect render incompetent testimony offered by the state in rebuttal and which is relevant because in contradiction of the testimony of the defendant himself.

**Decision of trial judge was final in excluding answer to question on ground of public interest.**

3. The county attorney, called as a witness for the defense, asserted that a statement, the substance of which was asked for by the defense, was made to him in his official capacity in confidence and that the public interest would suffer by his disclosure of it. The decision of the trial judge on the question so raised *held*, under the circumstances of this case, to be final.

Criminal Law, 16 C. J. p. 588 n. 8; p. 600 n. 32, 34; 17 C. J. p. 242 n. 47; p. 271 n. 31.
Homicide, 30 C. J. p. 161 n. 61.
Witnesses, 40 Cyc. p. 2391 n. 8.

See note in 43 L.R.A.(N.S.) 777; 8 R. C. L. 198; 2 R. C. L. Supp. 572; 4 R. C. L. Supp. 534; 5 R. C. L. Supp. 454; 6 R. C. L. Supp. 492.

Defendant appealed from an order of the district court for Ramsey county, Boerner, J., denying his motion for a new trial. Affirmed.

[1] Reported in 214 N. W. 782.

*Thomas J. Newman* and *David H. Ruvelson,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Deputy Attorney General, *Christopher D. O'Brien, Jr.,* County Attorney, and *Charles L. Hayes,* Assistant County Attorney, for the state.

STONE, J.

Convicted of murder in the second degree, defendant appeals from the order denying his motion for a new trial.

There is much evidence that defendant was one of a gang of box-car thieves operating in the Twin Cities in the spring of 1922. On the evening of May 19 of that year one Lindberg, who was a watchman in the Soo Line freight yards at Cardigan Junction, just north of St. Paul and in Ramsey county, was shot and instantly killed. Several bullets entered his body, fired from a 9 mm. Luger automatic pistol. There is no question of sufficiency of proof of guilt. Six young men are said to have been members of the gang, the attempt of which to rob box-cars on the night in question resulted in the murder. Several of them testified for the state. Their evidence, although that of accomplices, is direct and to the effect that defendant did the shooting. There is quite satisfactory corroboration from other witnesses who were not accomplices. There was much testimony for the state that defendant for some time had owned and been in possession of a 9 mm. Luger automatic pistol. Such a weapon was found near the scene of the murder together with some cartridges of precisely the kind and calibre used in the shooting, the exploded shells indicating what the latter had been. There was proof not only of defendant's possession of a 9 mm. Luger, but that he had purchased the very weapon in question. The assignments of error requiring consideration go wholly to rulings upon evidence.

1. The first group challenges the admission of testimony which counsel for defendant avers was objectionable because it indicated the commission by defendant of other and unrelated crimes. The testimony was offered by the state for the purpose of showing defendant's possession of the Luger weapon. It went directly to that

end.   Being competent for that purpose, it was not rendered otherwise because of whatever incidental tendency it may have had to implicate defendant in other and unrelated crimes.   The evidence in question, taken as a whole, tended to prove the possession by defendant of the very weapon used in the murder.   State v. Barrett, 40 Minn. 65, 41 N. W. 459.   But it was not necessary in order to make it admissible that it tended to prove possession of the identical weapon.   It was enough to make it relevant that it indicated possession of a weapon of the kind in question.   As Dean Wigmore observes (Wigmore, Ev. § 88), the previous possession or lack of special means "may be of probative value to show the doing or not doing of an act requiring such means."   For example, a burglary having been proved, the defendant's possession of burglarious tools of a kind with which the crime may have been committed may be shown as a link in the proof connecting defendant with the crime. State v. Sullivan, 34 Idaho, 68, 199 P. 647, 17 A. L. R. 902.   In Nicholas v. Commonwealth, 91 Va. 741, 21 S. E. 364, the murder had been committed by sinking the boat of the victims.   Auger holes had been bored in the boat and proof was admitted showing the possession by the accused of an auger corresponding in size to the holes in the boat.

2.   Certain evidence for the state in rebuttal also indicated the commission of other crimes.   But, again being admissible for other purposes, it did not cease to be so because of its tendency to implicate defendant in other offenses.   Defendant took the stand in his own behalf, denied complicity in the murder and testified that he had not been in St. Paul or its vicinity at certain times.   Although the issue was collateral, it was competent for the trial judge, in his discretion, to permit the state to contradict defendant's testimony.   Glassberg v. Olson, 89 Minn. 195, 94 N. W. 554. There can be no complaint because, in the proof that defendant was in St. Paul when he himself testified that he was somewhere else, it came out that he was there perpetrating another crime. Prosecuting attorneys must be discreet in such proof of a collateral issue.   But it remains that, in order to make the testimony worth

while, it is advisable ordinarily to go into sufficient detail to make the testimony something more than mere naked assertion. That is a phase of the matter with respect to which the trial judge has a wide discretion, which seems to have been exercised here with wise discrimination.

3. The one assignment remaining for discussion goes to the exclusion of testimony asked from the county attorney, called as a witness for the defense, concerning a disclosure made to him by Joe Fischer, one of the accomplices of defendant who testified against him. The statement asked for was supposed to be one made by Fischer that his brother Frank, another participant in the attempted robbery, had been in possession of a Luger pistol on the night in question. The purpose was impeachment and a foundation had been laid. The county attorney objected upon the ground that his answer was not permitted by the statute (G. S. 1923, § 9814, subd. 5), providing that "a public officer shall not be allowed to disclose communications made to him in official confidence when the public interest would suffer by the disclosure." The witness averred that the question asked for a statement made to him in official confidence which he could not disclose without prejudice to the public interest. That assertion was neither traversed nor challenged by cross-examination. On the subordinate issue so raised the trial court ruled with the state and excluded the evidence. There is nothing in the record which permits us to say that the decision was wrong.

Order affirmed.