## STATE v. GUST NICHOLS AND OTHERS.[1]

January 31, 1930.

No. 27,693.

[1]Reported in 229 N. W. 99.

*William M. Nash, Chester L. Nichols, Bruce Barnett* and *Ira B. McLaughlin,* for appellant.

*Henry N. Benson,* Attorney General, *James E. Markham,* Deputy Attorney General, *Floyd B. Olson,* County Attorney, and *William G. Compton,* Assistant County Attorney, for the state.

OLSEN, C.

Defendant Gust Nichols was convicted of the crime of robbery in the first degree and appeals from an order denying his motion for a new trial.

The crime charged was that defendant, aided by two others and being armed with a loaded revolver, robbed one Ernest H. Porter at Minneapolis in this state on October 3, 1928. The state, over objections by the defendant, was permitted to show that on two other occasions, in November, 1927, and July, 1928, at places distant from Minneapolis, the defendant had in his possession a revolver similar to the one claimed to have been used by him at the time of the robbery. The state did not show that any crime was

committed by defendant on the two occasions mentioned, and the evidence was admitted for the purpose of showing that defendant possessed or owned the revolver claimed to have been used by him in the robbery in question. The defendant contends this evidence was too remote and that, by inference, from the showing that on one occasion the defendant had the revolver in his possession in a bank and, on the other occasion, while in the presence or custody of police officers, the jury would believe that he was then committing other crimes.

As to its being remote, the trial court had discretion to receive or not receive this evidence and did not abuse its discretion. The evidence being admissible for a proper purpose and, by the charge of the court, clearly limited to that purpose, the defendant cannot complain even if it had incidentally shown the commission of other crimes. State v. McClendon, 172 Minn. 106, 214 N. W. 782; State v. Barone, 173 Minn. 232, 217 N. W. 104; 16 C. J. p. 546, § 1045.

One evening during the trial the jury, closely guarded and in charge of bailiffs, was permitted to attend a theatrical performance. The defendant offered to show the plot of the play and that it involved a murder trial wherein the defendant, a woman, was acquitted on perjured testimony. Misconduct of the jury in witnessing this play is charged. The court gave to the jury the usual instructions that they must base their verdict entirely on the evidence presented and not on any outside or extraneous matters which may have been brought to their attention through any means during the trial. The court in its discretion might have permitted the jurors to separate and go to their homes over night. It did not do so, but kept them together in charge of its bailiffs. That keeping a jury in confinement without relaxation during a long trial is some hardship and has a tendency to weary and tire out the jurors is well known.

To permit the jury to witness a play or other entertainment, under proper guard and precaution, while not to be recommended, is not misconduct as a matter of law. The plot of the play was not unusual, and we see nothing therein likely to prejudice this defendant. The incident was much less likely to arouse prejudice

than the newspaper article read by the jurors in the case of State v. Williams, 96 Minn. 351, 105 N. W. 265.

■ Misconduct of counsel for the state is charged. We have examined the assignments of error and the record in that regard and find nothing therein sufficient to require a reversal or any extended comment.

■ The case was fairly submitted to the jury, and no complaint is made of the charge. The defendant presented evidence that he was not in Minneapolis at the time of the robbery, evidence tending to establish an alibi. The evidence of identification for the state however was such as to amply justify the verdict. Upon the evidence as a whole a strong case for conviction was made out. The rule stated in State v. Nelson, 91 Minn. 143, 97 N. W. 652, that where, from an examination of the evidence it appears that there is no reasonable doubt of defendant's guilt, alleged errors not affecting his substantial or constitutional rights should be brushed aside and in their place substituted the almighty force and power of truth, might well be here applied.

Order affirmed.

