ALFRED BALTRUSCH v. CLEMENT BRAULICK.[1]

May 29, 1931.

No. 28,506.

*Albert D. Flor,* for appellant.
*Mueller & Erickson,* for respondent.

[1]Reported in 236 N. W. 924.

HOLT, J.

Plaintiff sold a Master Six Buick automobile to defendant in August, 1924, for the alleged price of $1,600, $250 of which was paid by accepting from defendant a used Oldsmobile car, $900 was paid at the time of the sale, and $300 in September the same year. In July, 1930, this action was begun to recover the balance. The answer alleged that the purchase price was $1,450, which had been fully paid. The jury found for defendant. From the order denying a new trial plaintiff appeals.

The only dispute between the parties is as to the price at which plaintiff sold the car to defendant. It was for the jury to say whether it was $1,600 or $1,450. If the latter sum, the car had been paid for and there was no cause of action, as the verdict says. The verdict has been approved by the learned trial court, and a careful examination of the record leads to the conclusion that it is adequately supported.

When plaintiff had testified that the purchase price agreed upon was $1,600, he on cross-examination was asked whether he did not sell a Master Six Buick automobile to Puchner for $1,450 at the same time he sold this car to defendant. Without objection he answered that Puchner paid $1,600 for it. Defendant called Puchner, who over objection testified to buying the car of plaintiff at the price of $1,350. This raises the only error assigned upon the rulings relating to the admission or exclusion of evidence.

Of course, where, as here, plaintiff alleged a sale at an agreed price, evidence of other sales of a like article at a different price is not strictly material. But it is common knowledge that standard cars are held for sale by dealers at schedule prices, even when old or used cars are traded in. Here the agreed price was in dispute, and it was the seller's word against the buyer's. In that situation the trial court has a large discretion in admitting testimony of collateral matters tending to show which of the two conflicting stories is the more probable. Glassberg v. Olson, 89 Minn. 195, 94 N. W. 554; Farmers & M. Nat. Bank v. Przymus, 161 Minn. 85, 200 N. W. 931; State v. McClendon, 172 Minn. 106, 214 N. W. 782.

There is another reason for sustaining the ruling. Without objection plaintiff was permitted to testify, that he sold Puchner the same kind of a car for $1,600 about the same time as he sold the one to defendant. The credibility of plaintiff was thus exposed to attack, and it seems to us upon a matter sufficiently relevant to the issue of agreed price so that there was no abuse of discretion or reversible error in the ruling referred to.

The order is affirmed.