Ex parte JENKINS.

No. 32420.   June 18, 1946.

*170 P. 2d 235.*

Creekmore Wallace, Don Anderson, and Bill Harkey, all of Oklahoma City, for petitioner.

Mac Q. Williamson, Atty Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

HURST, V.C.J. This is an original proceeding in this court in which W. C. (Bill) Jenkins seeks a writ of habeas corpus. He was charged with murder in Okfuskee county, was convicted of manslaughter in the first degree and sentenced to serve a term of 15 years in the State Penitentiary. He appealed to the Criminal Court of Appeals, which court affirmed the judgment of the trial court. See Jenkins, ____ Okla. Cr. v. State, 161 P. 2d 90. He is now incarcerated in the State Penitentiary for said offense.

In his petition for a writ of habeas corpus, with which is filed a certified transcript of the record of the trial in the district court as filed in the Criminal Court of Appeals, he alleges that his restraint is illegal and the judgment and sentence are void for the reason that he was not served with a list of the witnesses to be called against him in chief together with their postoffice addresses, at least two days before the case was called for trial, as required by section 20, art. 2, of the State Constitution, and he alleges that he did not waive such constitutional right.

The record is silent as to whether the list of witnesses was actually served upon petitioner. It does disclose that before the trial began, the petitioner filed an affidavit for continuance because of the absence of a material witness and, when the case was called for trial, petitioner announced that he was not ready for trial for the reason that he was unable to locate a material witness. At another place in the record it is recited that both sides announced ready for trial. The record does not disclose that he objected to going to trial because such list had not been served upon him.

The Criminal Court of Appeals held that error must affirmatively appear and that the silence of the record did not establish that the list of witnesses had not been served upon petitioner, and that, in any event, he waived the right by not objecting to going to trial because the list had not been served upon him. We think the court was correct in both respects, but since, if it is correct in either respect, the petitioner is not entitled to relief, we think it proper to discuss only the second, inasmuch as the argument of counsel very largely concerns that question.

Petitioner does not deny that a defendant can waive the right to have a list of witnesses timely served upon him as required by said constitutional provision. His contention is that no waiver is shown. He contends that waiver of a constitutional right is never presumed, but must appear affirmatively from the record, and that where the record is silent it will be presumed that there was no waiver.

Did petitioner waive his constitutional right to have a list of the witnesses to be used against him in chief served upon him by not objecting to going to trial for failure to so serve the list of witnesses? The Criminal Court of Appeals properly answered this question in the affirmative. See Logan v. United States, 144 U. S. 263, 12 S.Ct. 617; Hickory v. United States, 14 S.Ct. 334, 151 U.S. 303; 16 C.J. 799; 23 C.J.S. 259; State v. Frisbie, 8 Okla. Cr. 406, 127 P. 1091; Conley v. State, 34 Okla. Cr. 48, 244 P. 595; Van Brunt v. State, 62 Okla. Cr. 188, 70 P. 2d 1103; Parker v. People, 13 Colo. 155, 21 P. 1120; Lord v. The State, 18 N.H. 173.

The petitioner cites cases where the accused either was not advised of his right to have counsel, or where he had no counsel, or where he was not afforded sufficient time and opportunity to fully advise with his counsel. Among the cases cited by petitioner are these: Johnson v. Zerbst, 304 U.S. 456, 58 S.Ct. 1019, 82 L.Ed. 1461; Goben v. State, 20 Okla. Cr. 220, 201 P. 812; Polk v. State, 26 Okla. Cr. 283, 224 P. 194; Howington v. State, 30 Okla. Cr. 243, 235 P. 931; Sutton v. State, 35 Okla. Cr. 263, 250 P. 930; Brown v. State, 39 Okla. Cr. 406, 266 P. 476. These cases are not helpful. The courts are more inclined to hold that the accused has not waived his rights when he is not adequately represented by counsel than when he is so represented. In some of the cases relied upon reference was also made to the fact that the accused was not served with a list of the witnesses to be used in chief against him, and some language is used that tends to support the petitioner's contention, but it is contrary to the prevailing rule and the better view.

The right to have a list of the state's witnesses served upon the accused is analogous to the right to have the information or a list of the jurors served upon him, and is also analogous to the right to have the list of the witnesses endorsed on the information. The general rule is that these rights are personal to the accused and are ordinarily waived by the accused by going to trial without objecting to failure to comply with the requirements or by not otherwise raising the question before the trial begins. See 16 C.J. 795, 805; 23 C.J.S. 249, 256, 274; 8 R.C.L. 69, § 23; 14 Am. Jur. 913, 914, 915.

Here, the petitioner was fully represented by able counsel. If the list of witnesses had not been served upon him, he should have objected to going to trial for that reason, as was done in Spess v. State, 13 Okla. Cr. 277, 194 P. 13, a case relied upon by petitioner.

Writ denied.

RILEY, OSBORN, BAYLESS, WELCH, CORN, and DAVISON, JJ., concur.