## STATE v. NORMAN DREWS.

144 N. W. (2d) 251.

July 15, 1966—No. 40,131.

---

*Robert G. Renner,* for appellant.

*Robert W. Mattson,* Attorney General, *David Weinberg,* Assistant Attorney General, and *John L. Plattner,* County Attorney, for respondent.

NELSON, JUSTICE.

An indictment was returned and filed against defendant charging him with the crime of burglary pursuant to Minn. St. 609.58, subd. 2(1), as follows:

"* * * Norman Drews, on the 3rd day of February, 1965, at the Village of Bena, in the county of Cass and State of Minnesota, did wilfully, wrongfully, unlawfully, intentionally, and feloniously in the night

time, enter a certain building, to wit: The Bena Liquor Store * * * without the consent of [the owner of the building], with intent then and there entertained by said defendant to commit a crime in said building, to wit: the crime of theft, he the said defendant then and there having in his possession and making use of a tool or implement, a more particular description being to the grand jury unknown, for the purpose of effectuating entrance and to gain access to a metal safe of which money and other property could be obtained, and the said Norman Drews did take, steal and carry away from said premises $500 cash and approximately 40 cases of liquor."

After trial before a jury a verdict of guilty was returned and sentence was imposed. Defendant thereafter appealed to this court from the judgment of conviction.

It appears from the record that defendant, Gerald Dahlgren, and Herbert Borreson drove to Longville, Minnesota, on February 1, 1965, in Dahlgren's panel truck. They checked into the K-G Motel at Grand Rapids, Minnesota, in the early morning of February 2. They left Grand Rapids about 8 o'clock on the night of February 2 and proceeded to Deer River where they spent the rest of the evening at the municipal liquor store. They left Deer River at midnight and proceeded to Federal Dam and then to Bena. At Bena they broke into the Bena Liquor Store, and took about $300 in cash and 43 cases of liquor, the cost of which was about $2,075.47. Nine checks and a wrist watch were also missing. After committing the burglary, defendant and his accomplices left Bena about 2:30 a. m. on the morning of February 3 and drove to Minneapolis, stopping in Swan River to get gasoline and in Mora to have a flat tire fixed. They arrived in Minneapolis about 9 a. m., stopping at Mancino's Town Pump for a drink and then going to Kuch's Kar Klinic, where Dahlgren worked. Dahlgren went to Hansord Pontiac that evening and sold some of the cases of liquor. Dahlgren testified that at this time defendant and Borreson were not with him.

At his trial defendant did not take the stand himself and presented no witnesses in his behalf. In a statement previously given to the deputy sheriff of Cass County he denied being in Bena, where the burglary was

committed, within the past year and a half. The state, however, presented one of the accomplices, Dahlgren, who testified as to the route taken by defendant, Borreson, and himself during the 3 days they spent in the area and the procedure followed in the burglary of the liquor store at Bena. Dahlgren testified that the defendant was one of his accomplices throughout the trip and during the burglary. His testimony concerning the route during the trip, their use of his truck, and the presence of defendant during the trip was corroborated by the motel manager in Grand Rapids, a filling station attendant in Grand Rapids, the bartender in Deer River, and a filling station attendant in Swan River.

About three-fourths of an inch of new snow had fallen during the night prior to the time of the burglary and at a time when the thermometer registered more than 20° below zero. Photographs taken by the deputy sheriff of the tire marks left by the truck and footprints left by defendant and his accomplices between the back door of the liquor store and the place where the truck had been parked were introduced in evidence, as was a crowbar found in the liquor store's safe. Dahlgren testified he used the crowbar to effect their entry to the store. The manager of a hardware store in Longville testified that it had been burglarized during the night of February 1-2, 1965, and that a cash register and an old Civil War pistol had been taken. The cash register was found on the old Boy River road between Longville and Federal Dam, and the pistol was found under the front seat of the panel truck used by defendant, Dahlgren, and Borreson. The deputy sheriff also testified that two other stores in Longville had been burglarized and a photograph showing the "jimmy" marks on the door of one was admitted into evidence.

Defendant contends that the evidence concerning the burglaries in Longville was inadmissible. His first two assignments of error are to the effect that he was denied due process by the court's failure to grant his motion for a mistrial based upon the state's failure to prove a causal relationship between evidence as to the other crimes and the crime charged, and that he was deprived of a fair trial by reason of improper questions and suggestions by the county attorney concerning the other burglaries.

It is the general rule that evidence connecting defendant to other crimes is not admissible. State v. Spreigl, 272 Minn. 488, 139 N. W.

(2d) 167; State v. Elli, 267 Minn. 185, 125 N. W. (2d) 738; State v. Bock, 229 Minn. 449, 35 N. W. (2d) 887. There are, however, several well-established exceptions to this rule. State v. Sweeney, 180 Minn. 450, 231 N. W. 225, 73 A. L. R. 380; State v. Bock, *supra.*

Defendant pleaded not guilty to the indictment charging him with the crime of burglary and denied having been in Bena. No eyewitnesses were present at the scene of the crime, and therefore none save defendant and those acting in concert with him actually saw him take part in the burglary. Under the circumstances the state must of necessity rely upon circumstantial evidence to prove its case. Proof that defendant was identified as having been in Longville and Bena during the time in question and was seen in the truck in which the stolen pistol was discovered became important evidence in establishing his whereabouts during that period.

This court has held that evidence of the presence of a person accused of a crime at the time and in the area where crimes have been committed is always admissible to prove the identity of the person or even to establish a scheme or plan embracing the crime charged, and its reception is not grounds for a mistrial. State v. Wofford, 262 Minn. 112, 114 N. W. (2d) 267. The rule excluding evidence of the commission of other offenses does not necessarily deprive the state of the right to make out its whole case against the accused on any evidence which is otherwise relevant upon the issue of defendant's guilt of the crime with which he was charged. The state may prove all relevant facts and circumstances which tend to establish any of the elements of the offense with which the accused is charged, even though such facts and circumstances may prove or tend to prove that the defendant committed other crimes. It is sufficient if a reasonable connection be shown. State v. Upson, 162 Minn. 9, 201 N. W. 913. The application of this rule was discussed in State v. Haney, 219 Minn. 518, 18 N. W. (2d) 315. It was pointed out in the Haney case that the evidence of other offenses may be admissible where such evidence is relevant and competent as proof of the offense in issue.

In State v. Wofford, 262 Minn. 112, 118, 114 N. W. (2d) 267, 271, we said:

"\* \* \* Thus, where two or more offenses are linked together in point of time or circumstances so that one cannot be fully shown without proving the other, or where evidence of other crimes constitutes part of the res gestae, it is admissible. In establishing guilt of larceny of one article the state may prove that the accused stole other articles on the same expedition."

In State v. Bock, 229 Minn. 449, 454, 39 N. W. (2d) 887, 890, this court said:

"It is a general rule that evidence of separate and independent crimes is inadmissible to prove the guilt of a person charged with having committed a crime. But to this rule there are several well-established exceptions. State v. Stuart, 203 Minn. 301, 281 N. W. 299. Thus, where it is necessary to prove the identity of a person, evidence of other similar crimes of the accused closely connected in time, place, and manner is admissible."

In State v. Ames, 90 Minn. 183, 191, 96 N. W. 330, 333, Mr. Justice Calvin Brown, later chief justice of this court, in considering admissibility of proof of similar acts constituting separate and distinct crimes under exceptions to the general rule, said:

"The question as to the admissibility of evidence of this character has been before the courts often, and the rule permitting its introduction is variously stated by judges; but, reduced to its narrowest compass, the true rule is that evidence of the commission of other crimes is admissible when it tends corroboratively or directly to establish the defendant's guilt of the crime charged in the indictment on trial, or some essential ingredient of such offense. As stated by Chief Justice Parker in People v. Molineux, 168 N. Y. 264, 343, 61 N. E. 286: 'Does the evidence of the other crime fairly aid in establishing the commission by defendant of the crime for which he is being tried? And that test, and none other, is fairly established by the authorities.'

"\* \* \* The evidence of the commission of some other crime directly tends to show the guilt of defendant of the crime charged when it discloses a motive, a criminal intent, guilty knowledge, the absence of mistake, identifies the defendant, or is a part of a common scheme or plan

embracing two or more crimes so related to each other that the proof of one tends to establish the other."

We said in State v. Wofford, 262 Minn. 112, 118, 114 N. W. (2d) 267, 271:

"It is well recognized that the rule excluding evidence of the commission of other offenses does not necessarily deprive the state of the right to make out its whole case against the accused on any evidence which is otherwise relevant upon the issue of the defendant's guilt of the crime with which he was charged. The state may prove all relevant facts and circumstances which tend to establish any of the elements of the offense with which the accused is charged, *even though such facts and circumstances may prove or tend to prove that the defendant committed other crimes.*" (Italics supplied.)

See, also, Annotation, 170 A. L. R. 306.

Defendant further contends that the county attorney did not prove the other burglaries were related to the crime charged. The use, however, of evidence of other crimes to show motive, identity of the accused, common plan or scheme of similarly related crimes, the modus operandi, or the relation in pattern and in time of the crime charged with the others need not be "proved" as that word is understood in legal terminology. Such evidence is properly admitted for the purpose of permitting the trier of facts to draw an inference from the evidence of any or all of the latter that defendant did commit the crime with which he is charged. 2 Wigmore, Evidence (3 ed.) § 304; State v. Bock, *supra.* The trial court, having in mind that a conviction cannot be had upon the testimony of an accomplice unless it is corroborated by such other evidence as tends to convict the defendant of the commission of the offense charged, and that the corroboration is not sufficient if it merely shows the commission of the offense or offenses or the circumstances thereof, carefully charged the jury:

"The court has allowed in evidence here testimony with reference to other break-ins in the area at or about the same time. The defendant is not on trial for those other break-ins, and you should disregard such evidence, except insofar as it may be evidence that would link or corrob-

orate or in any way add to bringing the defendant into connection with the crime with which he is now charged by the indictment now before you."

This court said in State v. Nichols, 179 Minn. 301, 303, 229 N. W. 99:

"* * * The evidence being admissible for a proper purpose and, by the charge of the court, clearly limited to that purpose, the defendant cannot complain even if it had incidentally shown the commission of other crimes. [Citations omitted.]"

In denying defendant's motion for a mistrial, based upon what he claimed was the state's failure to prove a causal relationship between evidence as to other crimes and the crime charged, the trial court undoubtedly had in mind the testimony identifying the defendant and establishing his presence in the vicinity of Bena near the time of the crime. The witnesses lived in towns in the vicinity which Dahlgren testified that he, defendant, and Borreson had visited during the 3 days they spent in the area. The witnesses were able to identify Dahlgren's truck because of a stovepipe protruding from one side of the panel, and their testimony generally identified three men as having been together during the period in question. Some specifically identified defendant.

■ Defendant claims also that evidence concerning the pistol taken from the hardware store in Longville should not have been admitted. We think it was properly admitted. In Liakas v. State, 161 Neb. 130, 143, 72 N. W. (2d) 677, 684, the court stated:

"There are cases too numerous to mention holding that where an accused is identified as having been at or near the scene of a crime about the time of its commission evidence showing that he owned, possessed, or had access to any articles with which the crime was or might have been committed is competent. [Citations omitted.]"

See, State v. McClendon, 172 Minn. 106, 214 N. W. 782, and State v. Nichols, 179 Minn. 301, 229 N. W. 99.

Under these cases the evidence concerning the pistol taken from the Longville hardware store, and the crowbar and truck as well, was properly admitted.

■ Defendant also contends that he was deprived of due process as guaranteed by the State and Federal Constitutions by the deliberate failure to endorse the name of the chief and indispensable witness, Dahlgren, on the indictment as required by law. Minn. St. 630.18(2) provides for the setting aside of an indictment on motion of the defendant when the names of the witnesses examined before the grand jury are not inserted at the foot of the indictment or endorsed thereon. Section 630.18 concludes as follows:

"If the motion to set aside the indictment shall not be made, the defendant shall be precluded from afterwards taking advantage of the foregoing objections."

The required motion was never made. The record discloses no question by defendant's counsel concerning the matter contained in the indictment or its propriety. Proceedings were had in chambers at the close of the state's case at which time defendant's counsel raised certain objections. He made no such objection at that time. The rule appears to be well established that the right is ordinarily waived by the defendant's going to trial without objection or not otherwise raising the question before the trial begins. Ex parte Jenkins, 197 Okla. 283, 170 P. (2d) 235. Apparently the purpose of the statute in requiring the insertion on the indictment of the names of the witnesses appearing before the grand jury is to allow for a testing of the sufficiency of the evidence upon which the indictment is based. It is not a tool to assist the defendant in preparing for trial. The prosecution, of course, could call witnesses who did not appear before the grand jury and does not have to call all of the witnesses who did appear before the grand jury. State v. Hawks, 56 Minn. 129, 57 N. W. 455; State v. Sheltrey, 100 Minn. 107, 110 N. W. 353. A motion to set aside an indictment must be made at the time of arraignment, unless for good cause the court postpones the hearing to another time; and, if not then made, the defendant is precluded from afterwards raising such objections. State v. Schumm, 47 Minn. 373, 50 N. W. 362; State v. Dick, 47 Minn. 375, 50 N. W. 362. Under the circumstances here we think it clear that the asserted error does not constitute a denial of due process of law.

Viewing the record as a whole there is little if anything to support the defendant's plea of not guilty. The state is entitled to an affirmance.

Affirmed.