**Norman DREWS, Appellant,**

v.

**STATE OF MINNESOTA, Appellee.**

**No. 19315.**

United States Court of Appeals
Eighth Circuit.

March 10, 1969.

Norman Drews, pro se.

David J. Byron, Sp. Asst. Atty. Gen., for State of Minn., St. Paul, Minn., for appellee, Douglas M. Head, Atty. Gen., and Richard H. Kyle, Sol. Gen., St. Paul, Minn., on the brief.

Before GIBSON, LAY and HEANEY, Circuit Judges.

LAY, Circuit Judge.

Petitioner appeals from an order of the district court denying his petition for a writ of habeas corpus. The Supreme Court of Minnesota had earlier affirmed his conviction of burglary in the state district court. State v. Drews, 274 Minn. 426, 144 N.W.2d 251 (1966).

Petitioner here alleges the federal district court erred in denying his petition because (1) he was deprived of due process by reason of the state's proof of other burglaries, without demonstrating a causal connection with the crime charged; and (2) he was denied a fair trial due to the state's failure to endorse the name of a prosecution witness on the indictment. These contentions were passed upon by the Supreme Court of Minnesota; no problem of exhaustion of state remedies is before us. We affirm.

During the course of the state trial, the prosecution introduced evidence which tended to connect the defendant with other burglaries that had occurred at approximately the same time and place as the one with which he was charged. Drews alleges that he was denied due process by reason of the state court's failure to grant his motion for a mistrial based upon the state's failure to prove a causal relationship between the evidence as to the other burglaries and the crime charged. While it is true that evidence of separate and independent crimes is generally inadmissible as evidence against a defendant in a criminal proceeding, evidence of crimes which are closely connected in time and manner to the crime charged is admissible to show a common scheme or to aid in the identification of the defendant as the individual who committed the crime with which he is charged. See, e. g., Love v.

United States, 386 F.2d 260, 266 (8 Cir. 1967); Loux v. United States, 389 F.2d 911, 918–919 (9 Cir. 1968); Holt v. United States, 342 F.2d 163, 165 (5 Cir. 1965). It is apparent from the record as detailed in the district court's opinion here that the jury could properly have viewed this evidence as establishing a pattern of similar crimes and as placing Drews in the area of the crime with which he was charged. We find no constitutional infirmity in the trial itself.

Drews also alleges that he was deprived of due process by the state's failure to endorse the name of a prosecution witness on the indictment. Minnesota Statute § 630.18 (2) requires that an indictment be set aside on motion of the defendant when names of the witnesses who appeared before the Grand Jury are not listed. That same section also provides, however, that in absence of such a motion a defendant waives his right to object. See State v. Schumm, 47 Minn. 373, 50 N.W. 362 (1891). No such motion was made and the Supreme Court of Minnesota held that Drews had waived his objection under state law. 144 N.W.2d at 257.

The federal district court adopted the Minnesota Supreme Court's finding of procedural waiver under Minnesota law and denied petitioner's application on the same ground, that is, the failure of Drews timely to assert his objection to the indictment. The federal district court's ruling we hold to be error; however, we affirm the district court's denial of the writ for a different reason. In a federal habeas case relating to a state prisoner where the issue concerns an alleged denial of a constitutional right, default in a state procedural step cannot prevent federal review unless the petitioner's waiver of his constitutional right was knowingly made. See Fay v. Noia, 372 U.S. 391, 399, 438, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), and the discussion in "Problems of Federal Habeas Corpus Involving State Prisoners," 45 F.R.D. 45, 58 (1968). Where such circumstances exist the proper course of procedure would require the district court to hold an evidentiary hearing to determine under federal standards whether the waiver was knowingly made by petitioner. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357 (1938). However, in the instant case such an evidentiary hearing would not be necessary. It has long been held that there exists no federal constitutional right of pretrial disclosure to a defendant of a prosecution witness. See, e. g., Dean v. United States, 265 F.2d 544, 547 (8 Cir. 1959) and cases therein cited. Thus, we find no federal constitutional question involved and accordingly, affirm the district court's order denying the petition for a writ of habeas corpus.